Rodríguez, Peticionario, v. Corte de Distrito de Mayagüez, Demandada.

Solicitud para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de Mayagüez, Hon. Tomás Bryan, Juez.

No. 386.—Resuelto en diciembre 21, 1922.

Cortes Municipales—Secretarios de las Cortes Municipales—Notificación de Sentencias.—No es el deber de los secretarios de las cortes municipales notificar cada sentencia a la parte perjudicada o a su abogado, archivando una copia de la notificación con los autos, según se prescribe en la Ley Núm. 70 de 9 de marzo de 1911, pues dicha ley se refiere a los asuntos de las cortes de distrito; y rigiéndose las apelaciones contra sentencias de las cortes municipales por la Ley Núm. 13 de 14 de noviembre de 1917, y computándose el término para apelar desde que la sentencia es notificada a la parte perjudicada, tal notificación debe hacerse por la parte contraria siguiendo lo prescrito en el artículo 320 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. A. A. Vázquez.*

La parte demandada no compareció.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

A petición de Ramón Rodríguez libramos un auto de *certiorari* contra el Juez de la Corte de Distrito de Mayagüez y reclamamos las diligencias del pleito seguido en la Corte Municipal de Cabo Rojo por José Itara contra Ramón Rodríguez y cuya sentencia fué apelada para ante la expresada corte de distrito. Recibidas esas diligencias dejaron las par-

tes de comparecer ante nosotros el día que estaba señalado para la vista del auto.

Resulta de las actuaciones que tenemos ante nosotros que demandado Ramón Rodríguez para que pagase la cantidad de $278.03 más $4.06 de intereses fué citado en su residencia del barrio de Tunas de San Germán para que contestase la demanda: que el día 3 de julio de 1922 fué dictada sentencia en su rebeldía condenándole al pago de las cantidades reclamadas: que el mismo día el secretario de la corte municipal puso en el correo y dirigida al pueblo de San Germán una tarjeta postal notificando a Ramón Rodríguez la sentencia recaída en el pleito; que a instancia del demandante la corte municipal ordenó el 18 de julio la ejecución de la sentencia; que el día 20 fué notificado Ramón Rodríguez en su residencia del barrio Tunas de San Germán del memorándum de costas que presentó el demandante: que el 22 fué devuelta al secretario por la oficina postal de San Germán la tarjeta que había enviado para Ramón Rodríguez notificándole de la sentencia, por no haber sido reclamada: que el 28 de julio Ramón Rodríguez presentó escrito apelando de la sentencia haciendo constar que ese día se había enterado de ella pues no ha sido notificado de la misma, y que pedida por la parte apelada en la corte de distrito la desestimación de la apelación por haber sido interpuesta fuera de tiempo, fué desestimada la apelación por resolución de 8 de septiembre.

Se fundó la petición de *certiorari* en que la resolución de la corte de distrito desestimando su apelación no es apelable para ante nosotros por ser la cuantía del pleito inferior a $300 y en que no habiendo sido el peticionario notificado de la sentencia dictada contra él en la manera dispuesta en la Ley Núm. 13 de 14 de noviembre, de 1917, su apelación fué establecida en tiempo y no debió ser desestimada.

La Ley Núm. 13 citada, que fué promulgada para enmendar la sección 1ª de la ley para reglamentar las apelaciones

contra sentencias de las cortes municipales en pleitos civiles, aprobada en marzo 11, 1908, dispone en su sección 1ª que la apelación contra sentencia de las cortes municipales se formalizará notificándola por escrito al secretario de la corte municipal dentro de los diez días siguientes al en que se hubiere notificado la sentencia a la parte contra la cual se hubiere dictado, o a su abogado, y entregando igual notificación dentro del mismo término a la parte contraria, o a su abogado. No autoriza esta ley al secretario para que él haga tal notificación y por esto debió ser hecha por la parte contraria de acuerdo con el artículo 320 del Código de Enjuiciamiento Civil, bien personalmente o dejando la notificación en la residencia del demandado entre las 8 de la mañana y las 6 de la tarde, en poder de alguna persona de suficiente edad y discreción; y si se ignorase su residencia, cursándola por correo, bajo sobre certificado dirigido a dicha parte. La ley anterior, Núm. 70 de 9 de marzo de 1911, imponiendo a los secretarios el deber de enviar a la parte perjudicada o a su abogado una notificación escrita informándole que la sentencia ha sido dictada y debiendo archivar una copia de esa notificación con los autos, desde cuya fecha empieza a correr el término para establecer el recurso de apelación, se refiere a los asuntos de las cortes de distrito y no a los tramitados en las cortes municipales, que en este extremo están regulados por la ley posterior de 1917 a que nos hemos referido.

La orden recurrida debe ser anulada.

*Anulada la orden de 8 de septiembre de 1922.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.