SUCESIÓN DE FRANCISCO RIVERA COLÓN, recurrente y apelada, *v.* CORTE MUNICIPAL DE SAN JUAN, SECCIÓN PRIMERA, HON. JOSÉ E. AYBAR, JUEZ, recurrido; FRANCISCO CASTAÑEDA, interventor y apelante.

No. 4179.—*Visto:* Junio 21, 1927. *Resuelto:* Julio 14, 1927.

APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA— TÉRMINO PARA INTERPONER EL RECURSO—COMIENZO DEL MISMO—NOTIFICACIÓN DE LA SENTENCIA—EN GENERAL.—A pesar de la presencia del abogado en la corte al ser dictada sentencia en su contra, el precepto de la Ley No. 13 de 1917, (2) (p. 225) es imperativo y debe dársele notificación de dicha sentencia.

SENTENCIA de *Domingo Sepúlveda,* J. (San Juan), declarando con lugar el recurso de *certiorari,* sin costas. *Confirmada.*

*Carlos del Toro Fernández,* abogado del interventor-apelante; *Juan de Guzmán Benítez,* abogado de la recurrente-apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La parte que perdió el pleito en la Corte Municipal de San Juan interpuso un recurso de *certiorari* ante la Corte de Distrito de San Juan. Citamos con aprobación la siguiente relación de la opinión de dicha corte:

"Se practicó la prueba, y luego en el mismo acto, la Corte (Corte

Municipal) dictó sentencia contra la sucesión demandada; *la cual sentencia fué dictada en corte abierta y en presencia y oído de los abogados de las partes.*

"El recurrente alega que nunca fué notificado de dicha sentencia por la parte contraria, o por su abogado cuando se le notificó el memorándum de costas. Sin haberse llenado tal requisito, se libró orden de ejecución de dicha sentencia, la cual es firme todavía. (Parece que la corte quiso decir que la sentencia ya era aparentemente inapelable.)

"Este es el error fundamental alegado por el recurrente. El recurrente funda su recurso, en la doctrina establecida por la Hon. Corte Suprema de Puerto Rico, en el caso de *Rodríguez* v. *Corte de Distrito de Mayagüez,* 31 D.P.R. 300.

"El interventor Francisco Castañeda alega en contra del recurso, la doctrina establecida en el caso de *Torres* v. *Calaf.* 17 D.P.R. 1185.

"Creemos que la referida jurisprudencia en el caso de Calaf no es aplicable al presente caso, que fué resuelto en diciembre 20 de 1911, muchos años ántes de haberse aprobado la Ley No. 13 de 14 de noviembre de 1917, 'regulando las apelaciones contra sentencias de las Cortes Municipales en pleitos civiles.'

"A primera vista cualquiera se inclina a creer que si una sentencia es dictada en presencia de las partes o de sus abogados, que tal hecho equivaldría a una notificación en forma. Pero pensándolo bien, parece a esta Corte que es mejor seguir los preceptos imperativos de la referida Ley No. 13 de 14 de noviembre de 1917, y así lo entendió la Corte Suprema y fijó esta regla en el caso de *Rodríguez* vs. *Corte de Distrito de Mayagüez,* 31 D.P.R. 300, en que descansa el recurrente."

La apelada dice que no se demostró que fuese cierta la manifestación hecha por el apelante de que la apelada estaba presente en la corte, en el momento de dictarse la sentencia. Tal vez podría presumirse concluyentemente que la apelada estaba en la corte, pero, a pesar de tal presunción, la Legislatura ha prescrito el método a seguir para regular el término dentro del cual deben entablarse las apelaciones. La ley exige una notificación específica a la parte que pierde el pleito.

El juez que suscribe tenía algunas de las mismas dudas

que el apelante y estaba dispuesto a escribir una opinión concurrente en el caso de *Cruz* v. *Sucesión Jiménez,* 32 D. P.R. 833.  En realidad escribió tal opinión, pero tan sólo para estar de acuerdo con la opinión de la corte, llamando la atención al hecho de que el término para apelar no empieza a contarse a partir del hecho real de la notificación sino del acto del secretario de la corte de distrito, manifestando que ha sido enviada la notificación.  El principio de una limitación sobre el derecho de apelación se interpreta estrictamente a favor del apelante.  3 Corpus Juris 1059 et seq.  *Rodríguez* v. *La Corte de Distrito de Mayagüez,* 31 D.P.R. 300, es el caso predominante.  *La sentencia apelada debe ser confirmada.*