LAWYERS COOPERATIVE PUBLISHING COMPANY, peticionaria, *v.* CORTE DE DISTRITO DE MAYAGÜEZ y P. N. COLBERG, demandados.

No. 587.—*Visto:* Noviembre 28, 1927. *Resuelto:* Diciembre 12, 1927.

1. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—TÉRMINO PARA INTERPONER EL RECURSO—COMIENZO DEL MISMO—NOTIFICACIÓN DE LA SENTENCIA—EN GENERAL.—No obstante la presencia de un abogado en corte al dictarse sentencia en su contra, debe dársele notificación de la misma.

2. Cortes—Cortes de Jurisdicción Original General—Cortes de Distrito—
    Apelación—Casos Procedentes de las Cortes Municipales—Casos Civi-
    les—Desestimación.—No obstante la presencia del abogado en corte al dic-
    tarse sentencia en una corte municipal, si no se le notifica la sentencia no
    cabe desestimar la apelación que interponga para ante la corte de distrito
    porque no se ejercitara ese derecho dentro del término estatutorio contado
    desde la fecha en que se dictó la sentencia.

Certiorari para revisar resolución de *Charles E. Foote,* J. (Maya-
    güez), desestimando apelación procedente de una corte munici-
    pal. *Anulada la resolución.*

*Besosa & Besosa,* abogados del peticionario; *P. N. Colberg,* compa-
    reció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tri-
    bunal.

Se trata en este caso de un recurso de *certiorari* inter-
puesto ante nosotros.

[1, 2] El peticionario presentó en la Corte Municipal de
Cabo Rojo demanda en reclamación del pago de $283.50.   Se
opuso a ella el demandado y señalado el día 6 de septiembre
de 1927 para el juicio a él asistió el abogado del demandante
pero no presentó prueba alguna, y en el mismo acto fué dic-
tada sentencia declarando sin lugar su demanda.   Esa sen-
tencia no fué notificada al demandante ni a su abogado y
veintitrés días después interpuso recurso de apelación para
ante la Corte de Distrito de Mayagüez donde presentó la
transcripción de los autos para su apelación dentro de los
veinte días siguientes.   Entonces el apelado solicitó la deses-
timación de la apelación fundado en que estando presente el
abogado del demandante cuando fué dictada la sentencia no
era necesario notificársela y la apelación debió establecerla
dentro de los diez días siguientes al 6 de septiembre, en
cuya fecha fué dictada la sentencia, y que por esto la trans-
cripción de los autos fué presentada también fuera de
tiempo.   La corte de distrito desestimó la apelación y con-
tra esa resolución se interpuso este recurso.

Hemos resuelto en el caso de *Sucesión Rivera Colón*
contra *Corte Municipal,* 37 D.P.R. 165 que a pesar de la
presencia del abogado en la corte al ser dictada sentencia

en su contra el precepto de la Ley No. 13 de 1917, tomo 2, página 225, es imperativo y debe dársele notificación de dicha sentencia: y en el caso de *Rodríguez* contra *Corte de Distrito,* 31 D.P.R. 300, en el que la parte que perdió el pleito no fué notificada de la sentencia y apeló de ella después de los diez días de dictada, revocamos la resolución de la corte de distrito desestimando esa apelación.

De acuerdo con esas sentencias, *la resolución recurrida debe ser anulada* y devolverse los autos a la corte de distrito para que siga conociendo del caso.