THE TEXAS COMPANY (PORTO RICO), INC., demandante y apelante, *v.* JULIO GÓMEZ, demandado y apelado.

No. 4557.—*Sometido:* Enero 31, 1929. *Resuelto:* Abril 10, 1929.

*Enrique Campillo,* abogado de la apelante; *J. Iglesias de la Cruz,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Establecida apelación por la demandante contra la sentencia dictada en contra suya por la Corte Municipal de San Juan, el demandado pidió a la corte de distrito que desestimara el recurso. Oídas las partes y practicadas las pruebas ofrecidas por las mismas, la corte de distrito de-

claró la moción con lugar. No conforme la demandante, interpuso la presente apelación.

La desestimación se basa en que la sentencia de la corte municipal se dictó el 30 de julio, 1927, y la notificación de apelación a la parte contraria se hizo el 23 de agosto, 1927, archivándose el escrito en la secretaría de la corte el 4 de octubre siguiente.

La parte demandada alega que se le notificó el escrito de apelación el 23 de agosto. La parte apelante sostiene que la notificación se le hizo el 23 de septiembre. Aceptando lo que sostiene la propia parte apelante entendemos que debe confirmarse la resolución apelada.

 Es cierto que la parte demandada no notificó como debió haberlo hecho a la parte demandante la sentencia que en contra de ésta se dictara, (*Rodríguez* v. *Corte Distrito Mayagüez,* 31 D.P.R. 300), pero si la propia parte demandante se dió expresamente por notificada en una determinada fecha, notificando en ella de su determinación a la parte contraria, desde esa fecha comienza a correr el término para apelar. La ley aplicable dice:

"Sección 1a.—Cuando una corte municipal hubiere dictado sentencia en un asunto civil, resolviéndolo definitivamente, cualquiera de las partes que se creyere perjudicada, podrá interponer recurso de apelación para ante la corte de distrito del distrito judicial en que radicare la corte municipal. Se formalizará la apelación notificándola por escrito al secretario de la corte municipal, dentro de los diez días siguientes al en que se hubiere notificado la sentencia a la parte contra la cual se hubiere dictado, o a su abogado, y entregando igual notificación dentro del mismo término a la parte contraria, o a su abogado." Ley No. 13, 1917.

Y la manera como se dió expresamente la parte apelante por notificada, haciendo actualmente la notificación a la parte contraria el 23 de septiembre, fué así:

"*Apelación.*—Comparece la demandante en el caso de epígrafe representada por su abogado Enrique Campillo, y ante ésta Hon. Corte, respetuosamente expone y alega:

"Que se da por notificada de la sentencia dictada en este caso, y no

estando conforme con la misma, apela de ella, para ante la Hon. Corte de Distrito de San Juan.

"San Juan, Puerto Rico, a 23 de septiembre de 1927. (Fdo.) Enrique Campillo, abogado de la demandante.—Notificado con copia hoy día 23 de septiembre de 1927. Por José Iglesias La Cruz. (Fdo.) Rafael Pesquera, abogado del demandado."

Habiendo, pues, actuado en la forma en que lo hizo la parte apelante el 23 de septiembre de 1927, el término de diez días para apelar vencía el 3 de octubre siguiente. El 4 era demasiado tarde para interponer el recurso.

*Debe confirmarse la sentencia recurrida.*