Jesús Pérez Cosme, demandante y apelado, *v.* Vicente Montañez, Juana Beatriz Vázquez y Severa Pinto, demandados y apelantes.

No. 5860.—*Sometido:* Diciembre 16, 1932. *Resuelto:* Mayo 4, 1933.

*M. García González,* abogado de los apelantes; *E. Martínez Rivera,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

En la demanda, base de este pleito, se alega que el demandante es dueño de un predio rústico de media cuerda situado en el barrio de Candelaria del municipio de Toa Baja, habiéndolo adquirido por compra a la demandada Juana Beatriz Vázquez en 1914 y poseído desde entonces quieta y pacíficamente y en concepto de dueño. Se alega además que el predio fué segregado de una finca de 19.71 cuerdas perteneciente a la vendedora; que por escritura pública de 5 de mayo de 1930 la demandada Juana Beatriz Vázquez aparece vendiendo al demandado Vicente Montañez, 12.71 cuerdas de la indicada finca, habiéndose incluído en ellas la media cuerda previamente vendida al demandante y expresándose en la escritura que parte del precio habría de satisfacerse a la otra demandada Severa Pinto; que al momento de otorgarse la escritura de venta a Montañez éste sabía que la media cuerda de que se trata pertenecía al demandante y requerido luego para que otorgara un acta aclaratoria excluyendo de la venta la media cuerda, se ha negado a ello, y que la repetida escritura de venta a Montañez fué inscrita en el Registro, motivo por el cual el demandante se ve imposibilitado de inscribir a su favor su propiedad.

Excepcionaron y contestaron los demandados. Su contención es la de haber adquirido Montañez de la Señora Vázquez la finca descrita en la escritura de 5 de mayo de 1930 en los términos que de dicha escritura constan, estando la finca ins-

crita en el registro a favor de la vendedora y habiendo inscrito su título el comprador con anterioridad a la interposición de la demanda.

Fué el pleito a juicio y la corte lo falló en favor del demandante. No conformes los demandados interpusieron el presente recurso de apelación, señalando en su alegato la comisión de varios errores que se refieren a la admisión y al peso de la evidencia y a la aplicación de los artículos 1376 y 1858 del Código Civil Revisado y 33 y 34 de la Ley Hipotecaria.

A nuestro juicio la sentencia debe ser confirmada. Creemos que no hubo error en la admisión del documento privado presentado en evidencia por el demandante y que dice:

"He recibido de Jesús Pérez la cantidad de $20 (veinte dólares) como pago de media cuerda de terreno de mi propiedad, que le he vendido en dicha cantidad, cuyo terreno está en el barrio de Candelaria, término municipal de Toa Baja, y colinda: por el Norte con terrenos de Mr. John O. Tofoss, por el Sur con la vendedora, por el Este con la misma y por el Oeste también con la citada vendedora.

"Y para que conste doy el presente en Candelaria, Toa Baja, hoy 27 de septiembre de 1914, en presencia de los testigos José Vélez y Augusto Salgado, quienes firman como testigos y a ruegos de la vendedera que no lo sabe hacer. (Fdo.) José Vélez.—Juana B. Vázquez su x marca.—(Fdo.) Augusto Salgado."

Si bien no compareció a declarar Augusto Salgado, el documento fué reconocido por el demandante y por el testigo José Vélez que lo firma, y sujeto al crédito que dichas declaraciones merecieran a la corte era evidencia admisible.

Tampoco encontramos que se haya cometido error alguno por la corte sentenciadora al apreciar la prueba.

En su relación del caso y opinión dijo, en parte, dicha corte lo que sigue:

". . . La corte, dirimiendo el conflicto en la prueba, da entero crédito a la del demandante, y estima demostrado que el predio de terreno de media cuerda que posee Jesús Pérez Cosme y que está comprendido dentro de la finca de 12.71 cuerdas relacionada en la escri-

tura, es propiedad de dicho Jesús Pérez Cosme, por compra que hiciera a Juana Beatriz Vázquez de la finca principal de 19.71 cuerdas . . . La corte declara que no obstante haber negado Juana Beatriz Vázquez en la deposición que se le tomó que ella hubiera advertido a Montañez la existencia de la venta anterior al actor en este caso, lo cierto es que ella hizo tal advertencia, y que Montañez actuó con pleno conocimiento de los hechos. La preponderancia de la prueba favorece al demandante, por ser la de él más robusta, más convincente, más terminante y minuciosa, mientras que la de los demandados es vaga en algunos extremos fundamentales y evasiva en otros de no menor importancia . . .''

La declaración del demandante es amplia, detallada y convincente y unida a la de José Vélez da vida al documento que dejamos transcrito, que permanece en la conciencia del juzgador como la expresión contemporánea del contrato celebrado.

El demandante no se limitó a comprar. Quedó personalmente en la posesión del predio adquirido que cultivó por sí mismo, fomentando en él una plantación de toronjas y levantando sobre él una casa de dos pisos. Con nadie partió los productos de su finca y pagó directamente como dueño al Estado las contribuciones que éste impuso sobre ella. Presentó los recibos correspondientes a los años económicos 1917–18 y 1930–31. No era un agregado como pretendieron probar los demandados. Era un dueño.

No obstante ser ello así ¿puede y debe concluirse, como parecen sostener los apelantes, que por el hecho de haber comprado Montañez de quien en el registro aparecía como dueño y de haber inscrito a su vez su título con anterioridad a la interposición de la demanda, ha perdido el demandante su derecho al predio que compró en 1916 y que posee desde entonces como dueño?

Cuando el demandante adquirió, la finca no estaba inscrita en el registro. Fué doce años después, en 1928, que la señora Vázquez acudió a la corte de distrito y acreditó su dominio. Y hay prueba en los autos que tiende a demostrar que el demandante se avino a que se declarara justificado el

dominio de toda la finca a favor de la señora Vázquez con el entendido de que una vez que ella tuviera un título perfecto inscrito en el registro, otorgara una escritura a favor del demandante de lo que antes le había vendido, pudiendo así el demandante sin tramitar separadamente otro expediente de dominio, inscribir su derecho en el Registro de la Propiedad.

La venta a Montañez se verificó en 1930 con pleno conocimiento por su parte de que estaba comprendida en la descripción de la finca que aparecía adquiriendo la media cuerda que había sido vendida al demandante y que éste estaba poseyendo. Así lo resolvió la corte sentenciadora decidiendo el conflicto de la prueba en favor del demandante, sin que los demandados hayan demostrado que actuara movida por pasión, prejuicio o parcialidad o que cometiera error manifiesto alguno. Al contrario, estudiando la evidencia aportada por ambas partes, la conciencia se inclina decididamente del mismo lado que se inclinó la del juez sentenciador. Montañez era colindante de la finca de que se trata y todo induce a creer que estaba enterado de todo lo ocurrido. Pero no fué ésa sola la prueba de su conocimiento que aportara el demandante. Están sus propias admisiones ante el abogado Martínez. No sólo declaró éste bajo juramento en el juicio que doña Juana Beatriz le dijo que "había instruído al Sr. Montañez para que hiciera la escritura de Jesús Pérez y José Cruz", si que refiriéndose directamente a Montañez, entre otras cosas afirmó que "El Sr. Montañez me dijo que él sabía que ese terreno y las casas y las toronjas eran de José Cruz y Jesús Pérez, pero que él estaba interesado en las toronjas y que hiciera lo posible por aconsejarles que le vendieran, que él no tenía interés en sacarle sus casas de allí."

El conocimiento previo de parte del demandado Montañez del derecho del demandante, facilita la aplicación de la ley en la forma en que lo hizo la corte sentenciadora. Volvemos a transcribir de su relación del caso y opinión:

"El artículo 1376 del Código Civil exige buena fe en el adqui-

rente que inscribe y reclama preferencia, así como la preexistencia del derecho en el trasmitente; y el que pretende adquirir lo que ha ,sido vendido anteriormente, con o sin escritura, se atiene a las consecuencias del acto arriesgado que perpetra. Nadie puede transmitir la propiedad de una cosa de que ya se ha desprendido, y el vicio de nulidad así creado no desaparece por la inscripción. A. Rojas & Co. v. Luna, 39 D.P.R. 838; Miranda v. Municipio de Aguadilla, 39 D.P.R. 460.

"Si falta título, falta derecho; y si el título es malo, no existe en ley. La inscripción no suple el título, ni es agua del Jordán que lava toda mancha. Artículo 33 de la Ley Hipotecaria; 2 Galindo, Comentarios a la Legislación Hipotecaria, página 496 *et seq.*

"Montañez no es, pues, un adquirente de buena fe protegido por la ley de tercero, y la inscripción que de su título se hizo en el registro no le dió más derechos que los que tenía Juana Beatriz Vázquez, ni perjudicó el título de dominio ni la posesión del demandante Jesús Pérez Cosme."

En el caso de *A. Rojas & Co.* v. *Luna,* 39 D.P.R. 838, citado por la corte sentenciadora, se cita a su vez el de *Abella* v. *Antuñano,* 14 D.P.R. 498, en el que se decidió, copiando del resumen, lo que sigue:

"En caso de doble venta de cosa inmueble la propiedad pertenece al adquirente que antes la haya inscrito en el registro. Aunque el artículo 1376 del Código Civil Revisado no exige de un modo expreso el requisito de la buena fe en el adquirente en casos de bienes inmuebles, es necesaria la buena fe en la adquisición para los efectos legales de la inscripción.

"Aunque el artículo 1376 del Código Civil Revisado no expresa la necesidad de la preexistencia del derecho en el transmitente debe entenderse que esa circunstancia es uno de los supuestos de que el artículo parte.

"\*  \*  \*  \*  \*  \*  \*

"Los preceptos de los artículos 36 y 38 de la Ley Hipotecaria tienen aplicación a los casos de doble venta, siempre que se trata de la adquisición de cosa inmueble de buena fe e inscrita en el registro, lo que no pasa en el caso de autos.

"El que adquiere de mala fe una finca que ha sido vendida dos veces, no puede invocar el carácter de tercero para amparar su derecho con la inscripción hecha en el registro de la propiedad.

"\*  \*  \*  \*  \*  \*  \*

"El que vende una finca a uno y luego vende esa misma finca a

otro, sabiendo este segundo adquirente que ya había sido vendida anteriormente aunque sin escritura, esta segunda venta es nula, porque nadie puede transmitir la propiedad de una cosa de que ya se ha desprendido, y este vicio de nulidad no desaparece por la inscripción hecha en el registro, según el artículo 35 de la Ley Hipotecaria.''

*Debe confirmarse la sentencia recurrida.*