VEVE ET AL. *v.* THE FAJARDO SUGAR GROWERS' ASSOCIATION.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 737.—Resuelto en octubre 25, 1911.

APELACIÓN—NOTIFICACIÓN DE LA SENTENCIA—TÉRMINO PARA APELAR.—Si bien es cierto que la léy No. 70 de marzo 9, 1911, para enmendar entre otros artículos el 299 del Código de Enjuiciamiento Civil, dispone que el término para apelar empezará a correr desde que el secretario haya archivado en los autos copia de la notificación que de la sentencia debe hacer a la parte perjudicada por ella, o a su abogado, sin embargo, tal notificación no es necesaria cuando el perjudicado registra un escrito de apelación.

ID.—RENUNCIA DE NOTIFICACIÓN.—El requisito de la notificación no es jurisdiccional y ha sido establecido únicamente en beneficio del perjudicado por la sentencia, por cuyo motivo desde el momento en que éste presentó su escrito de apelación se dió por notificado de ella y renunció de esa manera el derecho que tenía a ser notificado.

DESESTIMACIÓN DE APELACIÓN—DOBLE APELACIÓN.—Procede la desestimación de una segunda apelación interpuesta contra la misma sentencia que ya ha sido apelada, por ser la segunda innecesaria.

ID.—ADICIÓN DEL RÉCORD—CONSTANCIA DE HABERSE INTERPUESTO OTRA APELACIÓN.—Es pertinente la adición de un récord de una segunda apelación con la constancia de haberse interpuesto otra apelación anterior contra la misma sentencia y de haberse aprobado otra exposición del caso para la primera apelación y que ambos recursos están pendientes.

Los hechos están expresados en la resolución del tribunal.

Abogado de la parte promovente: *Sr. Luis Muñoz Morales.*

Abogados de la parte contraria: *Sres. José A. Poventud, Eduardo Acuña, H. S. Belaval y Arturo Aponte, Jr.*

### RESOLUCIÓN.

Los demandados y apelados han presentado en este caso dos mociones a esta corte, una para que se adicione el récord de la apelación con dos certificaciones a ella acompañadas, y otra, posterior, para que sea desestimada la apelación.

Ambas fueron oídas el mismo día y serán objeto de esta resolución.

En el pleito objeto de esta apelación la corte pronunció su sentencia en 12 de abril de 1911, después de la cual los demandantes, pidieron en el mes de junio, que fuera notificada por el secretario, lo que éste verificó en 14 del mismo mes, y tres días después los demandantes presentaron su escrito de apelación, que obra en este récord.

Una de las adiciones interesadas por los apelados, consiste en la certificación de un escrito de apelación que en este mismo pleito y contra la propia sentencia, presentaron los demandantes el 12 de abril de 1911, o sea el mismo día en que la sentencia se pronunció y que no figura en el presente récord.

Tal adición es pertinente porque sirve para comprobar que existió una anterior apelación y para conocer si la segunda era innecesaria.

El otro particular de adición consiste en cierta resolución de la corte inferior dictada al aprobar la exposición del caso que figura en este récord, y con motivo de la objeción de los demandados, de que se aprobara una segunda exposición de hechos y de excepciones.

También debemos permitir esa adición, porque complementa lo ocurrido al impartir la corte su aprobación al pliego que se ha traído a esta apelación.

La segunda moción sobre desestimación de esta apelación vino acompañada de una certificación del Secretario de esta Corte Suprema, creditiva de que en su oficina existen radicadas dos apelaciones tomadas por los demandantes en el pleito que con el título arriba expresado se ha seguido en la Corte de Distrito de Humacao, contra la misma sentencia de 12 de abril de 1911 y cuyas vistas están señaladas.

Resulta de lo expuesto que el día en que se pronunció la sentencia, los demandantes presentaron su escrito de apelación y que posteriormente se hicieron notificar la sentencia por el secretario, y entonces establecieron una segunda apelación contra la propia sentencia, para tramitar la cual se aprobó un segundo pliego de exposición del caso.

Esa segunda apelación era innecesaria porque, si bien es cierto que la ley de 9 de marzo de este año, para enmendar entre otros el artículo 299 del Código de Enjuiciamiento Civil, dispone que el término para apelar empezará a correr desde que el secretario haya archivado en los autos copia de la notificación que de la sentencia debe hacer a la parte perjudicada por ella, o a su abogado, sin embargo, tal notificación no es necesaria cuando el perjudicado registra un escrito de apelación.

Ese requisito de la notificación por el secretario, no es jurisdiccional y ha sido establecido únicamente en beneficio del perjudicado por la sentencia, por cuyo motivo, desde el momento en que éste presentó su escrito de apelación se dió por notificado de ella y renunció de esa manera el derecho que tenía a ser notificado. (Véanse las citas en la nota 76 del tomo 2°., página 799 de la Cyclopedia of Law and Procedure.)

Por las razones expuestas sostenemos la moción de los apelados sobre adición del presente récord de apelación, y también desestimamos la segunda apelación que en 17 de junio de 1911 establecieron los demandantes contra la sentencia de 12 de abril del presente año, dictada en este pleito por la Corte de Distrito de Humacao, a quien se comunicará esta resolución.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.

El Juez Presidente Sr. Hernández, no intervino en esta resolución.