## Torres *v.* Calaf.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 746.—Resuelto en diciembre 20, 1911.

Apelación—Notificación de la Sentencia—Renuncia de la Notificación.— Aunque el tiempo para interponer el recurso de apelación empieza a correr desde que se notifica la sentencia a la parte contra quien se ha dictado, sin embargo, si apela con anterioridad a la notificación, se entiende que tenía conocimiento de ella y es innecesaria la notificación para fijar el tiempo para apelar.

Los hechos están expresados en la opinión.

Abogados del promovente: *Sres. Alvarez Nava y Domínguez.*

Abogados de la parte contraria: *Sres. López Landrón y Rincón.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta es una moción para desestimar una apelación por el fundamento principal de que fué interpuesta fuera de término. El apelante sostiene que en virtud de la ley No. 70 de marzo 9, 1911, p. 238, el término para interponer el recurso de apelación no empieza a correr en este caso hasta déntro de los treinta días, que espiraron el 24 de agosto de 1911, en cuya fecha se registró el escrito de apelación. Hemos encontrado varios errores y equivocaciones en el récord y en las certificaciones que se nos han presentado para determinar si el recurso de apelación ha sido bien interpuesto. Para poder determinar si esta corte tenía o nó jurisdicción para conocer de este recurso se expidió una orden dirigida a la corte de distrito de San Juan pidiendo que remitiera los autos originales de este pleito, con copia certificada de cualquier sentencia que se hubiera dictado en este caso. Los siguientes hechos constan en los autos.

El demandado interpuso excepciones previas a la demanda original. La corte declaró con lugar las excepciones el 9 de marzo de 1911. En el mismo día se registró la sentencia en

el libro de sentencias.   El 27 de marzo, 1911, el demandante
y apelante notificó al secretario y a los abogados de la parte
contraria que interponía recurso de apelación contra la sen-
tencia registrada en este caso el 9 de marzo, 1911, declarando
con lugar dichas excepciones previas.   Oportunamente se
presentó a esta corte la transcripción de autos.   No vino con
la transcripción copia certificada de la sentencia, sino única-
mente de la orden dictada en 9 de marzo, 1911, declarando
con lugar las excepciones previas.   Este tribunal desestimó
la apelación por el fundamento,  según se expresa en la opi-
nión, de que la orden resolviendo excepciones previas no es
una resolución definitiva y por lo tanto es inapelable.

Antes de haberse registrado el escrito de apelación en 27
de marzo, 1911, el apelante con fecha 16 de marzo, 1911, radicó
y notificó a los abogados de la parte contraria una moción
para que se registrara sentencia en este caso.   Esta moción
fué resuelta en julio, 1911, en que la corte de distrito ordenó
que se registrara una segunda sentencia.   El 22 de julio, 1911,
el apelado presentó una moción para que se dejara sin efecto
la segunda sentencia, porque ya se había registrado otra con
fecha 9 de marzo, 1911.   Esta moción y sus fundamentos fue-
ron notificados al apelante el 22 de julio, 1911.   El 26 del mis-
mo mes de julio el secretario notificó al apelante que con fecha
9 de marzo, 1911, se había dictado sentencia en contra del de-
mandante.

Cualesquiera que hubieran sido los fundamentos que tu-
viera este tribunal para desestimar la primera apelación, que-
da en pie el hecho concreto y esencial de que la transcripción
de autos en dicha primera apelación no tenía una certificación
de la sentencia definitiva.   La razón fundamental para de-
sestimar dicha apelación fué que la transcripción de autos no
tenía certificación de dicha sentencia definitiva, sino única-
mente de la orden resolviendo las excepciones previas.   Ya
se había dictado sentencia con fecha 9 de marzo, 1911, y ésta
había sido debidamente registrada en el libro de sentencias.
Los abogados del apelante sostienen que nunca se les había

notificado la sentencia de marzo 9, 1911, hasta el 26 de julio, 1911, y que por virtud de la ley de marzo 9, 1911, el término para interponer el recurso de apelación empezó desde la fecha de la notificación de la sentencia.   Pero del contexto del escrito de apelación surge la presunción, que no ha sido contradicha, que cuando los abogados del apelante registraron su escrito de apelación el 27 de marzo, 1911, tenían conocimiento pleno de que existía tal sentencia.   Es muy probable  que el apelante en 16 de marzo, 1911, creyera que no se había registrado tal sentencia; pero también creemos que los actos ejecutados por el apelante en ese día demuestran que sabía que tal sentencia era necesaria para perfeccionar su derecho de apelar, y así nos lo demuestra el que el 27 de marzo, 1911, el demandante registró el escrito de apelación alegando que apelaba de la sentencia, de donde debemos deducir que tenía conocimiento de ella.   Existía, pues, una sentencia de 9 de marzo, 1911, y en virtud del escrito de apelación registrado por el apelante el 27 del mismo mes de marzo, este tribunal adquirió jurisdicción para conocer de dicho recurso; pero no se nos demostró haciendo figurar la sentencia en la transcripción de los autos. El deber del apelante era haber remitido a este tribunal una transcripción completa de los autos.   Ya hemos resuelto en el caso No. 737, *Veve* v. *Fajardo Sugar Growers' Association,* resuelto en 25 de octubre, 1911, que puede interponerse el recurso de apelación en cualquier momento después de registrada la sentencia, sin que el apelante esté obligado a esperar que se le notifique dicha sentencia por el secretario y que desde el momento en que interpone el recurso de apelación renuncia a dicha notificación.   Además, la intención de la ley es que cuando la parte perjudicada tenga conocimiento real de que se ha dictado sentencia y hace gestiones en el tribunal que demuestren la existencia de tal conocimiento, es innecesaria la notificación.   (2 Cyc. 799; *McQuesten* v. *Morrill et al.,* 41 Pac. 59; *Braeley* v. *Marks,* 43 Pac. 27.)

En vista de tales hechos debemos resolver que el apelante ejerció su derecho al interponer la primera apelación, y que la

notificación que se le hizo por el secretario el 26 de julio, 1911, no le dió derecho a interponer otra apelación.

Debemos observar también que la moción de 22 de julio, 1911, en que se pedía la revocación de la sentencia de 15 de julio, 1911, fué notificada al apelante el 22 de julio, haciendo referencia en dicha moción a la sentencia registrada el 9 de marzo, 1911. A pesar de eso el apelante esperó más de treinta días para interponer el recurso de apelación.

También es discutible si la ley de marzo 9, 1911, estaba vigente cuando se dictó la sentencia de marzo 9, 1911, teniendo en cuenta que dicha ley empezó a regir desde su aprobación.

Debemos, pues, declarar con lugar la moción para desestimar el recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres Presidente Hernández, y Asociados MacLeary, del Toro y Aldrey.