RIVERA, DEMANDANTE, APELANTE-APELADO, *v.* MARTÍNEZ, DEMANDADO, APELADO-APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre libelo y daños y perjuicios.
MOCIÓN del demandado sobre corrección de autos.

No. 1778.—Resuelto en febrero 7, 1918.

TRANSCRIPCIÓN DE AUTOS—NOTIFICACIÓN DE SENTENCIA.—No es necesario que aparezca de la transcripción de autos la notificación de la sentencia al apelante. El hecho de haberse interpuesto el recurso implica que dicha parte se ha enterado de la existencia del fallo que es el fin que se persigue con la notificación.

APELACIÓN—NOTIFICACIÓN POR CORREO RESIDIENDO LAS PARTES EN LA MISMA CIUDAD—DESESTIMACIÓN DE APELACIÓN.—Cuando ambas partes residen en la misma ciudad, no debe el apelante notificar por correo su escrito de apelación a la parte contraria, pudiendo este motivo servir de base para desestimar la apelación, a no ser que se demuestre, como se demostró en este caso, que la parte apelada fué informada en tiempo de la interposición del recurso.

TRANSCRIPCIÓN DE AUTOS—CERTIFICACIÓN LIBRADA POR EL SECRETARIO.—La certificación del secretario deberá hacer constar, siguiendo las palabras de la ley, que la transcripción contiene una copia fiel y exacta del legajo de la sentencia y de la notificación de la apelación, pero esto no quiere decir que si

no se siguen textualmente las palabras del estatuto, no tenga validez el documento.

CORRECCIÓN DE AUTOS—FALTA DE CONTESTACIÓN DEL APELANTE.—El hecho de que un demandante-apelante no conteste por escrito a una moción sobre corrección de autos del demandado-apelado, no es motivo para considerar como ciertas las alegaciones contenidas en la misma. El artículo 132 del Código de Enjuiciamiento Civil no tiene aplicación al caso.

EXPOSICIÓN DEL CASO—PROCEDIMIENTO PARA SU APROBACIÓN—ENMIENDAS.—El artículo 299 del Código de Enjuiciamiento Civil fija el procedimiento que debe seguirse para la preparación de las exposiciones del caso, y es el día fijado por el juez sentenciador el momento en que debe comparecer la parte contraria para hacer las observaciones que estime pertinentes con respecto al pliego o exposición presentado por el apelante.

ID.—CORRECCIÓN DE AUTOS—REAPERTURA DE LOS PROCEDIMIENTOS PARA LA PREPARACIÓN DE LA EXPOSICIÓN DEL CASO.—Dentro de los límites de la sección 55 del Reglamento del Tribunal Supremo, no cabe reabrir los procedimientos para la preparación de una exposición del caso. que ya ha sido aprobada y mandada incorporar como parte del legajo de la sentencia por el juez sentenciador.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. Luis Llorens Torres.*

El demandado compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El día 14 de enero de 1918 se archivó en la Secretaría de esta Corte Suprema la transcripción de los autos en el pleito seguido por José C. Rivera contra Víctor P. Martínez, sobre libelo y daños y perjuicios, en la Corte de Distrito de Aguadilla, preparada por la parte demandante y apelante. En enero 22 el demandado en el dicho pleito, Víctor P. Martínez, presentó una moción fechada el 21 del propio mes, alegando: 1, que se le había notificado el 12 de enero, 1918, con copia de la transcripción; 2, que la sentencia en el pleito fué dictada el 26 de octubre de 1917, sin que conste cuándo fué notificada al apelante, debiendo por tanto concluirse que la apelación se interpuso fuera del tiempo legal; 3, que la notificación del escrito de apelación es nula porque se hizo por correo no obstante tener ambas partes la misma residencia; 4, que el 11 de diciembre de 1917 el demandado radicó en la secretaría de la corte inferior unas "enmiendas a la exposi-

ción del caso y pliego de excepciones servido a esta parte el
día 4 del mes actual en la apelación interpuesta por el deman-
dante José C. Rivera contra la sentencia dictada por esta
Hon. Corte el día 26 de octubre de 1917 y notificada el 27 del
mismo mes,'' sin que el demandado haya sido notificado de
resolución alguna de dicha corte inferior admitiendo o dese-
chando las referidas enmiendas que se transcriben en la mo-
ción, y 5, que la certificación del secretario puesta al calce
de la transcripción del récord no abarca los particulares
exigidos por la ley.

No obstante las alegaciones 2, 3 y 5 el demandado limita
la súplica de su moción a pedir que esta Corte Suprema de-
crete la corrección de los autos de acuerdo con las enmiendas
que propuso.

Luego, el mismo demandado presentó otra moción, fechada
el 26 de enero último, alegando que la primera moción estaba
jurada; que había sido notificada al abogado de la parte
contraria; que la vista de la moción estaba señalada para el
28 de enero, y que su dicha primera moción no había sido
impugnada, por virtud de lo cual, de acuerdo con el artículo
132 del Código de Enjuiciamiento Civil, debía tenerse por
cierta, y en su consecuencia procedía ordenar al apelante
que corrigiera y enmendara la transcripción de los autos de
acuerdo con su repetida primera moción.

En el día señalado se llamó el caso para la vista de la
moción, sin que compareciera el demandado. Sólo compa-
reció el demandante, por su abogado.

Dada la única petición del demandado tanto en su moción
de 21 de enero último como en la del 26 del propio mes, po-
dríamos prescindir de considerar las cuestiones alegadas bajo
los números 2, 3 y 5 de la primera de dichas mociones. Sin
embargo procederemos a su estudio.

No es necesario que aparezca de la transcripción la noti-
ficación de la sentencia al apelante. El hecho de haberse
interpuesto el recurso implica que dicha parte se enteró de
la existencia del fallo, que es el fin que se persigue con la

notificación. Parece que la parte demandada confunde la notificación de la sentencia con el registro de la misma en los libros de la corte.

Residiendo en el mismo pueblo ambas partes, no debió el demandante apelante notificar por correo su escrito de apelación al demandado. A no ser porque la misma moción del demandado demuestra que había sido informado en tiempo de la interposición del recurso, el motivo indicado hubiera podido servir de base para la desestimación del mismo. Véase *Quintero et al.* v. *Morales,* 19 D. P. R. 1183, 1187.

El precepto de ley invocado por el demandado dice que constituirá el *récord* de la apelación, la certificación que librará el secretario del tribunal *a quo* o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación.

En el presente caso el secretario de la corte inferior certificó que la transcripción era una copia fiel y correcta de las alegaciones esenciales originales obrantes en el pleito. Hemos examinado la dicha transcripción y en ella aparecen todos los documentos que constituyen el legajo de la sentencia y, además, el escrito de apelación. De suerte que aunque el secretario no siguió, como debió, las palabras de la ley en su certificación, es lo cierto que cumplió en la práctica, con todo lo exigido por la misma.

Resta sólo examinar la cuestión relativa a la corrección de autos y es éste el momento apropiado para considerar también la segunda de las mociones del demandado. El artículo 132 del Código de Enjuiciamiento Civil que dice que toda alegación esencial de la demanda no impugnada en la contestación se tendrá por cierta para los efectos de la acción, no tiene aplicación a este caso. Hubiera sido en verdad mucho más correcto que el demandante hubiera contestado por escrito la moción del demandado, pero el no haberlo hecho no es motivo para considerar como ciertas todas las alegaciones del demandado.

Ya hemos dicho que el demandado no compareció al acto de la vista de su moción. El demandante compareció y se limitó a oponerse oralmente a las enmiendas propuestas porque éste no era el momento ni el procedimiento apropiado para ello.

En efecto el artículo 299 ya citado, fija el procedimiento que debe seguirse para la preparación de las exposiciones del caso, y es el día señalado por el juez sentenciador el momento en que debe comparecer la parte contraria para hacer las observaciones que estime pertinentes con respecto al pliego o exposición presentado por el apelante. En su moción no alega el demandado que no se le diera la oportunidad fijada por la ley, basando toda su queja en el hecho de que nada se le ha notificado con respecto a la suerte que corrieron las enmiendas escritas que archivara. Las partes no pueden imponer a las cortes el sistema de procedimiento que ellas elijan sino que tienen que someterse al fijado por la ley, puesto en práctica por el tribunal.

Además, lo que ahora se pretende en verdad es reabrir los procedimientos para la preparación de una exposición del caso que ya ha sido aprobada y mandada a incorporar como parte del legajo de la sentencia por el juez sentenciador, (página 55 de la transcripción del récord.) Tal procedimiento no cabe dentro de los límites de la sección 55 del reglamento de este tribunal.

Por virtud de todo lo expuesto deben declararse sin lugar las mociones del demandado de 21 y 26 de enero último.

*Sin lugar la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Aldrey no intervino.