Luisa, Juana Cruz y Ana Dominga Espósito Avilés, peticionarias, *v.* La Corte de Distrito de Aguadilla, Hon. Enrique S. Mestre, Juez, y María Guzmán Acosta, demandados.

No. 823.—*Sometido:* Mayo 12, 1932. *Resuelto:* Junio 7, 1932.

*Juan B. García Méndez* y *Pablo Andino,* abogados de las peticionarias; *Arturo Reichard,* abogado de la demandada Guzmán Acosta.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Luis Espósito Avilés falleció intestado. Con el consentimiento de todas las partes fué designado un administrador judicial. A petición de dicho administrador la Corte de Distrito de Aguadilla ordenó que el producto de una póliza de vida fuera entregado a dicho administrador judicial, lo que se hizo. El reglamento de la sociedad de seguros El Ancora disponía que el producto de la póliza fuera pagadero a los herederos del asegurado o a la persona por él designada.

Luis Espósito Avilés no dejó ascendientes ni descendientes, mas dejó hermanas, que son las peticionarias en este caso. El finado también dejó una viuda.

La cuestión relativa a la distribución del producto de la póliza se planteó ante Tomás Torres Pérez como juez substituto de la Corte de Distrito de Aguadilla. El resolvió que los herederos tenían derecho a la mitad del producto de la póliza y la viuda a su usufructo de la otra mitad. Cuando el juez en propiedad, Enrique S. Mestre, regresó a Aguadilla, la viuda solicitó la reconsideración de la orden dictada por Tomás Torres Pérez, juez substituto. La teoría de la moción de reconsideración fué que la póliza era un bien ganancial. El juez Mestre resolvió que la mitad del producto de la póliza pertenecía a la viuda por su participación en los bienes gananciales y que ella tenía derecho a percibir su usufructo de la otra mitad. Los herederos de Luis Espósito Avilés presentaron esta petición de *certiorari* para revisar la susodicha resolución del juez Mestre.

La interventora sostiene que la resolución de la corte de distrito determinando la disposición del producto de la póliza es una orden definitiva y que por tanto es apelable para ante esta corte. Las peticionarias sostienen lo contrario. Resolvemos que la orden de la corte de distrito fijando tal distribución determinó en definitiva a quién debía ir el producto de la póliza, decidió en definitiva una controversia sobre los derechos substantivos de las partes, y era por tanto apelable. *Santiago* v. *Benvenutti, ante,* pag. 358.

La cuestión que entonces se nos presenta, conforme sostienen las peticionarias, es que el remedio de apelación en este caso no es adecuado. Empero las peticionarias no han presentado razón alguna excepto que habrá considerable demora y no que la controversia en este caso sea de mayor importancia que varias de las otras controversias o casos que vienen ante esta corte. La decisión necesariamente será demorada, más esto ocurre con innumerables casos que están pendientes o que serán apelados. La cuestión es interesante, mas no hallamos razón alguna para dar prelación a la controversia.

*Debe anularse el auto expedido.*