LUISA EXPÓSITO AVILÉS, peticionaria y apelante, *v.* MARÍA GUZMÁN VDA. DE EXPÓSITO, opositora y apelada.

No. 6148.—*Sometido:* Noviembre 7, 1932. *Resuelto:* Noviembre 17, 1932.

*García Méndez & García Méndez,* abogados de la apelante; *Arturo Reichard,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La apelada nos pide la desestimación del presente recurso fundándose, (1) en que el escrito de apelación no fué radicado dentro del término prescrito por la ley, y, (2) en que la apelante está impedida (*estopped*) a virtud de la doctrina de elección de remedios. El escrito de apelación fué radicado dentro de treinta días después de la notificación formal de la sentencia. Este aviso de haberse dictado sentencia, sin embargo, no fué dado hasta después que este tribunal había expedido un auto de *certiorari* y lo había anulado posteriormente porque la orden impugnada era apelable. *Expósito* v. *Corte de Distrito*, 43 D.P.R. 631.

■ El término para interponer una apelación empieza a correr desde el día en que el secretario archiva copia de la notificación de la sentencia que está en el deber de enviar a la parte perdidosa o a su abogado. La interposición de una apelación constituye una renuncia de este aviso. *Veve* v. *Fajardo Sugar Growers Ass'n.*, 17 D.P.R. 1036. En *Torres* v. *Calaf*, 17 D.P.R. 1183, hay un *obiter dictum* al efecto de que es innecesario cumplir con los requisitos estatutarios cuando la parte perdidosa tiene conocimiento real de la sentencia. 2 Cyc. 799; *Maquesten* v. *Morrill et al.*, 41 Pac. 57; *Braeley* v. *Marks*, 45 Pac. 27, se citan en apoyo de esta teoría. El mejor punto de vista, sostenido por las decisiones más recientes y por el peso de las autoridades, es que "el conocimiento real de la sentencia u orden no justifica el que se prescinda del requisito estatutario de la notificación." 3 C. J. 1060, sección 1061; 168 Cal. 433; (Cal.) 162 Pac. 1023; 25 Cal. A. 732; (S.D.) 197 N.W. 227; (Utah) 251 Pac. 26.

■ En el presente caso el aviso de haberse dictado sentencia hace mención al fallo de este tribunal en el procedimiento de *certiorari* en que se resolvió que la resolución de la corte de distrito era apelable, e indica que el secretario de la corte inferior, hasta aquel momento había estado bajo la impresión de que no podría apelarse de la misma. La solicitud del auto de *certiorari* se hizo sobre la misma teoría. Por razones obvias, no hubo una elección concluyente, ni

impedimento por elección de remedios. La solicitud de *certiorari,* por supuesto, demostraba que la peticionaria estaba enterada del hecho de haberse dictado la decisión impugnada. No envolvía renuncia alguna del derecho a apelar de esa decisión ni del de esperar que se enviara por correo una notificación formal por el secretario y el archivo de copia de ese aviso como el paso requerido por el estatuto a fin de que pudiera comenzar el transcurso del término para apelar. La apelante pudo haber radicado su escrito de apelación en cualquier momento sin esperar la actuación del secretario, pero no estaba obligada a proceder así porque por disposición taxativa del código el tiempo para apelar debe contarse desde la fecha de tal actuación.

*No ha lugar a la desestimación solicitada.*