CATALINA RAMÍREZ, demandante y apelante, *v.* PEDRO RIVERA y JAIME MASJUÁN, demandados y apelados.

No. 6217.—*Sometido:* Febrero 5, 1935. *Resuelto:* Julio 26, 1935.

*Armando A. Miranda,* abogado de la apelante; *José C. Jusino,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Catalina Ramírez interpuso esta apelación contra sentencia de la Corte de Distrito de Bayamón que declaró sin lugar su demanda para que anulase ciertos pleitos y para que le concediese indemnización por perjuicios.

El día de la vista de esta apelación fué discutida también una moción de la parte apelada para que desestimemos este recurso. Uno de los motivos es que de la certificación puesta por el secretario al pie de varios documentos que

nos han sido presentados como transcripción de los autos no aparece que sean copias fieles y exactas de los documentos que constituyen el legajo de la sentencia. Esos documentos son los que realmente tienen que constituir el legajo de sentencia en este caso, y el secretario certifica que son copias fieles y exactas de sus originales, por lo que no es sostenible ese motivo de desestimación. Véase el caso de *Rivera* v. *Martínez*, 26 D.P.R. 139. El otro motivo de desestimación es el de que no consta la fecha en que el escrito de apelación fué presentado en la corte inferior. Esto es cierto, pero ese defecto aparece subsanado con una certificación presentada por la apelante y librada por el secretario de dicha corte de la que aparece que el escrito de apelación fué radicado en ella el mismo día en que está fechado.

Pedro Rivera estableció demanda contra Catalina Ramírez en la Corte Municipal de Bayamón en reclamación de $90 vencidos el 17 de julio de 1927, sin intereses hasta su vencimiento. La corte, siguiendo el procedimiento especial para reclamaciones por cantidades no mayores de $100, dictó en rebeldía de la demandada sentencia condenatoria de pago. Para su cumplimiento fué vendida una casa de la demandada por precio de $50 que pagó Jaime Masjuán, a quien le fué adjudicada en la subasta. Siguió después Masjuán juicio de desahucio para el lanzamiento de Catalina Ramírez de la finca que fué subastada.

Después de lo expuesto, Catalina Ramírez presentó demanda en la Corte de Distrito de Bayamón solicitando que se anulase el procedimiento que se siguió contra ella en la Corte Municipal de Bayamón, que ordenó su condena, la venta de su casa y también el juicio de desahucio que interpuso Masjuán para lanzarla a ella, y para que le indemnizara por los perjuicios que le fueron producidos con esas actuaciones, en cantidad de $5,000.

Contra la sentencia de la corte de distrito que declaró sin lugar la demanda de Catalina Ramírez, ésta alega en

la apelación que interpuso, que la corte cometió quince errores de los cuales sólo resolveremos algunos de ellos porque los otros o no están suficientemente alegados o no han sido argumentados o no aparece prueba alguna respecto de ellos.

El primero que consideraremos y resolveremos es el referente a si el juicio en cobro de dinero se siguió propiamente por el procedimiento de cantidades no mayores de $100 en la corte municipal.

Para sostener la apelante que no debió ser ese procedimiento porque la cuantía de la reclamación era superior a $100, dice que los $90 con intereses al uno por ciento mensual desde la fecha de vencimiento suman más de $100. Sin embargo, según la obligación los intereses serían los legales a contar desde el vencimiento de ella, que dan un total hasta la fecha de la demanda de ocho dólares y centavos, que no montan la cuantía de la reclamación a $100.

También dice la apelante que en la venta de su casa hubo error porque la sentencia condenatoria dictada contra ella no le fué propiamente notificada. Según los autos de la corte municipal presentados como prueba, el abogado de la parte entonces demandante le notificó dicho fallo a la demandada por correo, a Cataño, sitio de su residencia. Según la Ley Núm. 13 de 1917 ((2) pág. 225) enmendatoria de otra anterior (marzo 11, 1908), una vez dictada sentencia se podrá interponer apelación dentro de los diez días siguientes a la en que se hubiere notificado la sentencia. Ésa era la ley vigente cuando se dictó la sentencia en la corte municipal, pues aunque la apelante se refiere a otra ley, la Núm. 2 de 1929 (pág. 123), que dispone que la notificación la hará el secretario, tal ley no estaba vigente a la fecha en que se dictó la sentencia. Por consiguiente, el abogado de la parte demandante pudo hacer propiamente la notificación de la sentencia a la demandada.

Asimismo dice la apelante que la notificación no debió ser hecha por correo, como fué practicada en aquel caso, toda vez que Cataño era un barrio de Bayamón. Pero

desde dos años antes de dictarse la sentencia había dejado de ser Cataño un barrio de Bayamón para convertirse en municipio independiente, por precepto de la Ley Núm. 30 de 1927, por lo que podía hacerse la notificación por correo.

■ Se alega también que la sentencia de la corte municipal no aparece en los autos de aquella corte. Sin embargo la misma apelante expone en su demanda que esa sentencia fué dictada y registrada, con cita del tomo y folio del libro de sentencias de dicha corte.

■ En cuanto a que los edictos de la subasta celebrada por el márshal de la corte municipal no fueron publicados por el término de ley, ya que no mediaron veinte días entre la publicación del primero y la del último, será suficiente expresar que aparece de los autos que entre el primer edicto y la subasta mediaron veintitrés días, que es suficiente según hemos declarado en *Arvelo* v. *Banco Territorial y Agrícola,* 25 D.P.R. 728, y *Thyboe* v. *San Juan Fruit Co.,* 36 D.P.R. 892.

■ El anuncio de la subasta fué publicado en un periódico, y el hecho de que el márshal consignara en su certificado que también anunció la venta en los sitios de costumbre, sin que dijera cuáles eran esos sitios, no invalida la subasta de acuerdo con el caso de *Lawton* v. *Porto Rico Fruit Exchange,* 42 D.P.R. 301.

■ Otro extremo de nulidad que se suscita es el de que el secretario de la corte municipal expidió sin previa orden de dicho tribunal mandamiento para la ejecución de la sentencia, pero nos bastará ahora decir que como la sentencia condenatoria no consta en los autos no puede afirmarse que la orden de ejecución fuera librada sin que en la misma sentencia se decretase así.

No siendo nulo el juicio celebrado ante la Corte Municipal de Bayamón, son improcedentes las peticiones de nulidad del juicio de desahucio y de indemnización de perjuicios que se solicitan como consecuencia de las nulidades alegadas.

En vista de lo expuesto *la sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.