María Aurora Vázquez Medina, menor de edad, representada por su padre natural reconocido Esteban Vázquez Gómez, demandante y apelante, *v.* Manuel González Martínez, demandado y apelado.

Núm. 8554.—*Sometido:* Julio 6, 1942. *Resuelto:* Julio 20, 1942.

*R. Arjona Siaca,* abogado de la apelante; *Francis & Belaval,* abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El día 16 de marzo de 1942 la corte inferior dictó sentencia declarando sin lugar la demanda en este caso y el 9 de abril la demandante radicó un escrito de apelación para ante esta Corte Suprema. El 14 de mayo el demandado apelado presentó ante esta corte una moción solicitando la desestimación del recurso por haber transcurrido el término de treinta días que tenía la apelante para radicar la transcrip-

ción de autos sin que la misma se hubiera radicado o se hubiera solicitado prórroga para hacerlo.

Notificada la apelante de esta moción radicó una oposición a la misma admitiendo los anteriores hechos pero alegando que habiendo examinado el expediente del caso en la corte inferior encontró que no se había notificado oportunamente de la sentencia a las partes ni se había unido a los autos la constancia de tal notificación y que habiéndose cumplido con dichos trámites por el secretario de dicha corte el 24 de abril no había vencido el plazo que tenía para apelar.

Se señaló la vista de la moción para el día 6 de julio de 1942, pero, con anterioridad a dicha fecha o sea el día 15 de junio de 1942 se radicó la transcripción de autos y el mismo día de la vista, el alegato de la apelante. Ambas partes comparecieron y han radicado alegatos.

La razón alegada por la apelante para no haber radicado en tiempo la transcripción de autos, de la cual, después de enmendada con permiso de esta corte, aparece que la demandante radicó un segundo escrito de apelación el día 16 de mayo de 1942, no puede prevalecer. Arguye la apelante que habiéndose archivado en los autos el día 24 de abril de 1942 copia de la notificación de la sentencia dictada el 16 de marzo de 1942, su primer escrito de apelación radicado el 9 de abril de este año lo fué prematuramente y que, habiendo radicado su segundo escrito de apelación el 16 de mayo y radicado la transcripción de autos en esta corte el 15 de junio no habían transcurrido los treinta días que tenía para hacerlo.

No tiene razón la apelante, a nuestro juicio. Una situación de hechos similar surgió en el caso de *Veve et al.* v. *The Fajardo Sugar Growers' Association,* 17 D.P.R. 1036 y se resolvió lo siguiente:

"Resulta de lo expuesto que el día en que se pronunció la sentencia, los demandantes presentaron su escrito de apelación y que posteriormente se hicieron notificar la sentencia por el secretario,

y entonces establecieron una segunda apelación contra la propia sentencia, para tramitar la cual se aprobó un segundo pliego de exposición del caso.

"Esa segunda apelación era innecesaria porque, si bien es cierto que la ley de 9 de marzo de este año, para enmendar entre otros el artículo 299 del Código de Enjuiciamiento Civil, dispone que el término para apelar empezará a correr desde que el secretario haya archivado en los autos copia de la notificación que de la sentencia debe hacer a la parte perjudicada por ella, o a su abogado, sin embargo, tal notificación no es necesaria cuando el perjudicado registra un escrito de apelación."

Al mismo efecto véanse los casos de *Torres* v. *Calaf,* 17 D.P.R. 1183 y *Rivera* v. *Martínez,* 26 D.P.R. 139; *Expósito* v. *Guzmán Vda. de Expósito,* 44 D.P.R. 24 y *Hernández* v. *Cruz Román,* 48 D.P.R. 523.

En el caso de *Expósito,* supra, se ratificó la doctrina de que la interposición de una apelación constituye una renuncia por parte de la apelante a que se le notifique la sentencia. Y en el de *Hernández,* supra, se dijo que: "Después que se dicta sentencia, la parte . . . tiene derecho a apelar sin esperar que se le notifique."

De acuerdo con esta jurisprudencia, no procedía que la apelante radicara un segundo escrito de apelación en este caso después de haber sido notificada de la sentencia. El término de treinta días que tenía para radicar en esta corte la transcripción de autos debe empezarse a contar desde la fecha en que radicó en la corte inferior su primer escrito de apelación el día 9 de abril de 1942. Dicho término vencía el día 9 de mayo de 1942 y, sin que se hubiera solicitado prórroga alguna, no fué hasta el 15 de junio de este año que se radicó la transcripción de autos en esta corte.

Ahora bien, de acuerdo con la Regla 58 de nuestro Reglamento, es discrecional la desestimación de un recurso por el fundamento alegado por el apelado en este caso. De la transcripción de autos aparece que se trata de un caso de daños y perjuicios en el que la demandante es una niña

de nueve años de edad y que la demanda fué desestimada a virtud de una excepción previa de falta de hechos para constituir una causa de acción. El alegato de la apelante ya ha sido radicado y los errores imputados a la corte inferior envuelven una cuestión de derecho que es objeto de amplia discusión.

*A nuestro juicio, se cumplen mejor los fines de la justicia declarando sin lugar la moción de desestimación, y así se resuelve.*

El Juez Asociado Sr. De Jesús no intervino.