HOLGER FOG, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. RICARDO LA COSTA, JR., JUEZ, demandada.

Núm. 1595.—*Sometido:* Mayo 21, 1945. *Resuelto:* Junio 22, 1945.

*H. Torres Solá,* abogado del peticionario; *E. Acosta Domenech,* abogado de los interventores, demandantes en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Corte Municipal de Río Piedras dictó sentencia, declarando con lugar la demanda en un caso de reclamación de salarios, el día 8 de febrero de 1945. El Secretario de la Corte notificó al demandado, por conducto de su abogado, enviándole por correo una copia de la relación del caso y sentencia, pero sin acompañar el escrito de notificación a que se refiere el artículo 1º de la Ley para Reglamentar las Apelaciones contra Sentencias de las Cortes Municipales en Pleitos Civiles, de 11 de marzo de 1908 (pág. 124), según enmen-

dado por la Ley de 14 de marzo de 1929 (pág. 123).(¹) El 16 de febrero de 1945 el demandado radicó un escrito de apelación ante la Corte Municipal. Esto no obstante el 20 de febrero el demandado radicó en dicha corte una moción en la que hizo constar que:

"3. Que ahora el demandado desea hacer constar a esta Hon. Corte que a pesar de que aparece radicado el referido escrito de apelación por parte del demandado contra la sentencia dictada en este caso, es lo cierto que el demandado no ha recibido en forma alguna el escrito de notificación de sentencia que de acuerdo con la ley debe hacer el secretario de este Hon. Tribunal; pues si bien es cierto que del expediente de este caso aparece firmado el escrito de notificación de sentencia por el Secretario de este tribunal, no es menos cierto que del mismo haya constancia alguna de que dicha notificación de sentencia le haya sido notificada al demandado en este caso, por lo que se hace imposible a pesar de haber radicado el demandado un escrito de apelación con fecha 16 de febrero de 1945, computar el término de apelación."

y solicitó se ordenara al secretario dar curso a la notificación de la sentencia con el fin de poder las partes computar el término para la apelación y el mismo día el juez de dicha corte declaró con lugar la moción y el secretario en dicha fecha, 20 de febrero de 1945, por primera vez notificó a las partes y archivó en los autos del caso copia de dicha notificación. Al día siguiente, febrero 21, el demandado radicó un segundo escrito de apelación.

El 6 de marzo de 1945 los demandantes radicaron en la Corte de Distrito de San Juan una moción solicitando la desestimación de la apelación interpuesta por el demandado el 16 de febrero por el fundamento de que de acuerdo con la

(¹) El *Disponiéndose* contenido en dicho artículo dice así: "*Disponiéndose, que en todos los casos en que se pueda establecer el recurso de apelación según lo previsto en esta sección, será deber del secretario de la corte enviar a la parte perjudicada, o a su abogado, al dictarse sentencia o resolución apelable, una notificación escrita informándole a dicha parte perjudicada que tal sentencia o resolución ha sido dictada; y una copia de la dicha notificación será archivada con los autos, debiendo empezar a contarse el término para establecer el recurso de apelación, desde la fecha del archivo de dicha notificación.*"

sección 8 de la Ley núm. 10 de 14 de noviembre de 1917 ((II) pág. 217), según quedó enmendada por la Ley núm 40 de 17 de abril de 1935 ((1) pág. 239),(²) la apelación debía interponerse dentro de los cinco días de notificada y que habiéndose notificado la del caso de autos el 8 de febrero e interpuesta la apelación el día 16, la corte carecía de jurisdicción. Oídas las partes la corte inferior, fundándose en el caso de *Angleró* v. *Trigo,* 48 D.P.R. 194, dictó resolución declarando con lugar la moción y en su consecuencia desestimó la apelación interpuesta el 16 de febrero de 1945.(³) Para revisar dicha resolución expedimos el presente auto de *certiorari.*

■■ El caso de *Angleró* v. *Trigo,* supra, citado por la corte inferior, no es aplicable a los hechos del caso de autos. En él se aplicó e interpretó la sección 8 de la Ley núm. 10 de 1917, antes de ser enmendada por la Ley núm. 40 de 1935, y la cual proveía que "La apelación quedará formalizada presentando al Secretario de la Corte Municipal, dentro de los dos días *de dictada la sentencia,* un escrito en que se manifieste la intención de apelar, . . . . " y se resolvió que: " . . . la ley sobre la materia que se invoca prescribe que la apelación quedará formalizada radicándose el escrito dentro de los dos días *de dictada* la sentencia y no a partir del en que se archive la notificación de la sentencia con los autos. . . . " Se aplicó, además, la interpretación que esta Corte había dado al artículo 11 de la ley de desahucio, antes de ser enmendado por la Ley núm. 11 de 1929 ((1) pág.

---

(²)"Sección 8.—(Según quedó enmendada por la Ley núm. 40 de 17 de abril de 1935.)—Cualquiera de las partes que se creyere perjudicada por la sentencia, podrá interponer recurso de apelación para ante la corte de distrito del distrito judicial en que radicare la corte municipal sentenciadora.

"La apelación quedará formalizada presentando al secretario de la corte municipal, *dentro de los cinco días de notificada la sentencia,* un escrito en el que se manifieste la intención de apelar, y entregando copia de dicho escrito a la parte contraria o a su apoderado o abogado." (Bastardillas nuestras.)

(³)En dicha resolución no se hace mención alguna de la apelación interpuesta el 21 de febrero.

164

139),(⁴) al efecto de que la apelación deberá interponerse dentro de los cinco días de *dictada* la sentencia de desahucio y no desde su *notificación*.

La situación que confrontamos en el caso de autos es distinta. Tanto la Ley de Desahucio como la de Reclamación de Salarios, en sus artículos 11 y 8, respectivamente, supra notas (4) y (2); han sido enmendadas en el sentido de proveer que el término para apelar deberá contarse desde la fecha de la *notificación* de la sentencia. En el caso de *Erasmo Vando de León* v. *Corte Municipal de San Juan,* pág. 6, ante, en el cual estaba envuelta la cuestión de qué ley es la aplicable en cuanto a la notificación de una sentencia en un caso de desahucio, resolvimos que lo es la de 11 de marzo de 1908, cuyo artículo 1⁰ según enmendado por la Ley núm. 2 de 1929, en lo pertinente, hemos copiado en la nota (1) de esta opinión. En igual forma somos de opinión que dicha ley es aplicable a las apelaciones previstas en el artículo 8 de la Ley núm. 10 de 1917, según enmendado en 1935, y en su consecuencia que el término de cinco días empieza a contarse desde la fecha en que el secretario archiva en los autos del caso una copia de la notificación de la sentencia. No tenemos duda de que ésta fué la intención legislativa, tanto al enmendar la ley de desahucio en el año 1929, como la de reclamación de salarios en el año 1935.

¿Qué efecto tuvo el escrito de apelación radicado en este caso el 16 de febrero de 1945? En el caso de *Vázquez* v. *González,* 60 D.P.R. 718, citando jurisprudencia anterior, ratificamos la doctrina de que "la interposición de una apelación constituye una renuncia por parte de la apelante a que se le notifique la sentencia," y que, de acuerdo con dicha jurisprudencia "no procedía que la apelante radicara un segundo escrito de apelación . . . después de haber sido notificada de la sentencia."

---

(⁴)Dicho artículo según fué enmendado dice así:

"Las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha en que fueren notificadas de la sentencia por el secretario de la corte correspondiente, las partes perjudicadas por la misma o sus abogados."

Siendo esto así, al radicar el apelante en este caso su primer escrito de apelación el día 16 de febrero de 1945, fué en dicha fecha que renunció a que se le notificara la sentencia dictada por la corte municipal y no puede sostenerse que dicha apelación fuera tardía. El término de cinco días de notificada la sentencia nunca comenzó a correr ya que en ningún momento, antes del 16 de febrero, se cumplió por el secretario de dicha corte con el deber que tenía de notificar la sentencia y archivar en los autos copia de dicha notificación.

La situación legal es la siguiente: una parte contra quien se dicta sentencia puede esperar hasta que el secretario le notifique la sentencia advirtiéndole que ha archivado copia de la notificación en los autos, no importa el tiempo que transcurra de dictada la sentencia,([5]) y entonces debe radicar su escrito de apelación dentro del término señalado en la ley o puede, si desea, radicar su escrito de apelación, sin esperar dicha notificación, y en este caso se entenderá que ha renunciado a dicha notificación desde la fecha en que radicó su escrito de apelación.

*Debe anularse la resolución dictada por la corte inferior el 29 de marzo de 1945 y devolverse el caso para ulteriores procedimientos.*

---

([5])En el caso de *Espósito* v. *Corte de Distrito,* 43 D.P.R. 630, esta Corte anuló un auto de *certiorari* por entender que la orden impugnada era apelable y no fué hasta que volvió el caso a la corte inferior que el secretario notificó formalmente dicha orden definitiva a las partes. Al apelarse de la misma se solicitó la desestimación de la apelación y, en *Expósito* v. *Guzmán Vda. de Expósito,* 44 D.P.R. 24, resolvimos, a la página 26, que: ''La solicitud de *certiorari,* por supuesto, demostraba que la peticionaria estaba enterada del hecho de haberse dictado la decisión impugnada. No envolvía renuncia alguna del derecho a apelar de esa decisión ni del de esperar que se enviara por correo una notificación formal por el secretario y el archivo de copia de ese aviso como el paso requerido por el estatuto a fin de que pudiera comenzar el transcurso del término para apelar. La apelante pudo haber radicado su escrito de apelación en cualquier momento sin esperar la actuación del secretario, pero no estaba obligada a proceder así porque por disposición taxativa del código el tiempo para apelar debe contarse desde la fecha de tal actuación.''