# 95 DTA 104

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE CAROLINA-FAJARDO
REGION VII - PANEL I**

GABINO PIZARRO CEPEDA Y OTROS
Demandantes-Peticionarios

v.

MUNICIPIO DE CAROLINA
Demandados-Recurridos

Núm. KLCE-95-00047

San Juan, Puerto Rico, a 8 de mayo de 1995

Panel Integrado por su presidenta, Juez Rivera de Martínez
y los Jueces Martínez Torres y Cabán Castro

Rivera de Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los demandantes aquí peticionarios presentaron una solicitud ante el Tribunal de Primera Instancia para revisar una resolución de naturaleza administrativa. Los demandados-recurridos se opusieron señalando que los demandantes-peticionarios presentaron dicha solicitud fuera del término jurisdiccional. Los peticionarios no contestaron la moción en oposición a tiempo, habiéndolo hecho después de haber emitido el Tribunal de Primera Instancia una sentencia final dictaminando NO HA LUGAR a su solicitud, por falta de jurisdicción. En la moción titulada: *"Moción Informativa",* alegaron como excusa, por haberla presentado tardíamente, que no habían recibido a tiempo la notificación de la resolución por correo, ya que la misma fue enviada por error a otro abogado. A pesar de que dicha moción se tornó académica por haberse presentado después de emitirse una sentencia final, los peticionarios no pidieron reconsideración, ni instaron recurso alguno, por lo que la sentencia se consideró una final y firme. Transcurridos siete (7) meses y veinticuatro (24) días desde que se archivó en autos la sentencia, los peticionarios presentaron un escrito titulado:

*"Moción Informativa y Solicitud de Remedio"*, alegando en síntesis, que la referida sentencia era improcedente en derecho. El Tribunal resolvió dicha moción con un NO HA LUGAR, por considerar que se trataba de una sentencia final y firme.

Mediante recurso de *Certiorari* presentado el día 27 de febrero de 1995, ante este tribunal, los peticionarios plantean que el tribunal de instancia erró al resolver que la referida sentencia era una final y firme, que dispuso del caso en forma definitiva. Argumentan que el mecanismo de relevo de sentencia puede aplicarse al caso de autos por tratarse de una sentencia alegadamente nula.

Examinemos detalladamente los hechos que originan esta controversia.

# I

El 22 de noviembre de 1993, la Junta de Apelaciones del Sistema de Administración de Personal, (en adelante JASAP), dictó una resolución final en contra de Gabino Pizarro Cepeda y otros, peticionarios en el presente caso. Dicha resolución fue archivada en autos el 23 de noviembre de 1993.

No conforme con esta resolución, el 13 de diciembre de 1993, los peticionarios radicaron una moción de reconsideración ante JASAP. El 17 de diciembre de 1993, JASAP, declaró NO HA LUGAR a la referida moción de reconsideración. Dicha resolución fue notificada a las partes por correo y archivada en autos el 20 de diciembre de 1993.

El 27 de enero de 1994, los peticionarios, dándose por enterados, aún sin alegadamente haber recibido la notificación de la resolución administrativa de NO HA LUGAR, radicaron una solicitud de revisión ante el Tribunal Superior, Sala de Carolina, (Tribunal de Primera Instancia), a tenor con la Regla 5(b) y (f) para el Procedimiento de Revisiones de Decisiones Administrativas ante el Tribunal Superior, 4 L.P.R.A. Ap. VII-B. Dicha solicitud, no obstante, fue presentada fuera del término de los treinta (30) días que establece la Sección 4.3 de la Ley Núm. 170, de 12 de agosto de 1988, según enmendada, 4 L.P.R.A. Sec. 2172.

En oposición a dicha solicitud de revisión, el 3 de febrero de 1994, el Municipio de Carolina, parte demandada-recurrida, alegó que el tribunal de instancia carecía de jurisdicción para expedir el auto de revisión, ya que la solicitud había sido presentada fuera del término jurisdiccional. Argumentó, que a partir del 20 de diciembre de 1993, los aquí peticionarios tenían 30 días para solicitar la revisión judicial, por lo que el término jurisdiccional había vencido el 19 de enero de 1994.

El 3 de marzo de 1994, el Tribunal de Primera Instancia, emitió una sentencia disponiendo NO HA LUGAR por falta de jurisdicción. Basó su determinación en que los peticionarios no presentaron su solicitud de revisión dentro del término de 30 días, a partir de la última resolución final emitida por JASAP. Dicha sentencia fue archivada en autos el 4 de abril de 1994.

Transcurridos ocho (8) días desde que el Tribunal emitiera dicha sentencia, y antes de que la misma fuera archivada en autos, los peticionarios, el 11 de marzo de 1994, presentaron una moción informativa en contestación a la del Municipio de Carolina de fecha 3 de febrero de 1994. En la misma alegaron que, a pesar de que el 27 de enero de 1994, presentaron su solicitud para la revisión de la resolución administrativa, no fue hasta el 1ro. de febrero de 1994, que recibieron la notificación de NO HA LUGAR a la moción de reconsideración presentada ante JASAP. Alegadamente la tardanza se debió a un error cometido por el servicio postal que notificó incorrectamente a otro abogado.

Así las cosas, transcurridos siete (7) meses y veinticuatro (24) días desde que el Tribunal

de Carolina archivara en autos su sentencia final y firme disponiendo NO HA LUGAR al remedio solicitado, el 28 de noviembre de 1994, los peticionarios radicaron un escrito titulado: *"Moción Informativa y Solicitud de Remedio."* Alegaron que la sentencia final emitida por el tribunal de instancia el 3 de marzo de 1994, en la que se desestimó la solicitud de revisión por falta de jurisdicción, no consideró la moción presentada el 11 de marzo de 1994, debido a que fue referida por error a otra Sala del Tribunal de Primera Instancia. Expresaron que procedía que se dejara sin efecto dicha sentencia y se continuara con los procedimientos en el caso.

El 20 de diciembre de 1994, el demandado-recurrido, Municipio de Carolina, se opuso a dicha moción. En su oposición básicamente expuso que resultaba inconcebible que los peticionarios, entre otras cosas, solicitaran revisión judicial el 27 de enero de 1994 de una resolución que se alega fue recibida después del 1ro. de febrero de 1994. Adujo que no fue hasta el 11 de marzo de 1994, con posterioridad al hecho de que el tribunal dictara sentencia en contra de los peticionarios que éstos levantaron por primera vez la cuestión de la notificación tardía.

Atendida la referida moción informativa y solicitud de remedio presentada por los peticionarios el 28 de noviembre de 1994, el tribunal de instancia resolvió NO HA LUGAR por entender que la sentencia dictada el 3 marzo de 1994 y notificada a las partes el 4 de abril del mismo año, era una final y firme. Esta orden fue emitida el 24 de enero de 1995 y archivada en autos el 27 de enero del mismo año.

## II

Debemos resolver si el Tribunal de Primera Instancia de Carolina erró al emitir la referida orden disponiendo NO HA LUGAR a la moción informativa y solicitud de remedio presentada por los peticionarios.

No hay duda de que la alegación que hacen los peticionarios afirmando que no fue hasta después del 1ro. de febrero de 1994 que recibieron la notificacción de la resolución administrativa, es un señalamiento que resulta en algo totalmente contradictorio ante su acción de presentar una solicitud de revisión de dicha resolución el 27 de enero de 1994 en el tribunal de instancia. Al radicar dicha solicitud de revisión, los peticionarios se dieron por notificados de la resolución administrativa del 17 de diciembre de 1993, archivada en autos el 20 de enero de 1993, por lo cual se sometieron voluntariamente a la jurisdicción del Tribunal de Primera Instancia y no pueden ir contra sus propios actos.

Aunque no hemos encontrado casos resueltos con hechos análogos o parecidos a los que nos ocupan, no obstante, nuestro Tribunal Supremo ha reconocido la doctrina de la renuncia a la notificación. Véanse, *Fog v. Corte,* 65 D. P . R. 161 (1945); *Vázquez v. González,* 60 D.P.R. 718 (1942); *Hernández v. Cruz Román,* 48 D.P.R. (1935); *Expósito v. Guzmán Vda. de Expósito,* 44 D.P.R. 24 (1932); *Rivera v. Martínez,* 26 D.P.R. 139 (1918); *Torres v. Calaf,* 17 D.P.R. 1183 (1911) y *Veve v. The F.S.G.A.,* 17 D.P.R. 1036 (1911).

Aunque los hechos de los casos citados son distinguibles consideramos, sin embargo, que el principio envuelto es aplicable al presente caso, partiendo de la premisa de que lo que se intenta evitar es que se manipulen los procedimientos y los términos jurisdiccionales, en violación de los mejores intereses de la justicia.

Respecto a la alegación que hacen los peticionarios en el sentido de que la sentencia final emitida por el Tribunal el 3 de marzo de 1994, no consideró su moción informativa de 11 de marzo de 1994, debido a que fue referida por error a otra sala del tribunal de instancia, el argumento es frívolo. Independientemente de que dicha moción se haya extraviado o no, la misma se tornó académica por haber sido presentada ocho días después de dictada la

sentencia final. Inexcusablemente los peticionarios no replicaron a tiempo a la moción en oposición a la solicitud de revisión presentada por los recurridos el 3 de febrero de 1994.

La Regla 14 para el Procedimiento de Revisiones de Decisiones Administrativas ante el Tribunal Superior, 4 L.P.R.A. Ap. VIII-B, establece un término de quince(15) días para oponerse a una moción de desestimación de un recurso de revisión. La misma dispone que:

*"Cuando una parte tuviere fundamentos para pedir la desestimación del recurso de revisión presentará prontamente una moción al efecto, de no más de diez (10) páginas, y notificará inmediatamente la misma a las demás partes. Estas tendrán un plazo de quince (15) días para oponerse a la desestimación, en escritos que tampoco serán de más de diez (10) páginas."*

De otra parte, la Regla 12 para el Procedimiento de Revisiones de Decisiones Administrativas ante el Tribunal Superior, 4 L.P.R.A. AP. VIII-B, preceptúa:

*"Una vez transcurrido el término para oponerse al recurso, o una vez contestada la orden para mostrar causa, o expirado el plazo para contestarla, el tribunal, conforme a derecho, procederá a: (1) denegar la expedición del recurso; (2) expedir el auto definitivo y dictar sentencia en los méritos confirmando, modificando o revocando la decisión objeto del recurso; (3) ordenar que se continúe con el trámite ordinario del recurso, o (4) dictar cualquier otra providencia u orden."*

El Tribunal de Primera Instancia dictó sentencia final tomando en consideración los documentos que tenía ante sí, a saber, la solicitud de revisión de la resolución administrativa, presentada por los peticionarios el 27 de enero de 1994, (Regla 5 para el Procedimiento de Revisiones de Decisiones Administrativas ante el Tribunal Superior, 4 L.P.R.A. Ap. VIII-B), y la moción en oposición a la solicitud de revisión, presentada por el Municipio de Carolina el 3 de febrero de 1994. A tenor con la Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la sentencia emitida fue una final que resolvió toda la cuestión litigiosa. Sobre este aspecto el caso de *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642, 651 (1987), nos ilustra:

*"El término sentencia incluye cualquier determinación del Tribunal que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse o solicitar revisión."*

Lo que en ese momento procedía en derecho ante la sentencia final, era la presentación de una moción de reconsideración, según la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, o, un recurso de *certiorari* ante el Tribunal Supremo, de conformidad con la sección 4.7 de la Ley 170 aprobada el 12 de agosto de 1988, según enmendada, conocida como *"Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico",* 3 L.P.R.A. 2177. Los peticionarios se cruzaron de brazos y nada hicieron. No fue hasta que transcurrió un período de más de siete (7) meses desde que se archivó en autos copia de la sentencia en controversia, que los peticionarios presentaron el escrito titulado, *"Moción Informativa y Solicitud de Remedio",* al cual nos hemos referido.

Los peticionarios nunca pusieron al tribunal de instancia en posición de considerar en los méritos su alegación de que por error se notificó a otro abogado. Su conducta indiferente ante el transcurrir de todos los términos jurisdiccionales, tuvo como natural consecuencia el efecto de que la sentencia dictada el 3 de marzo de 1994, y notificada a las partes el 4 de abril de 1994, se tornara en una final y firme que dispuso del caso de forma definitiva.

Por último, entendemos que no es necesario entrar a considerar los méritos de la petición de relevo de sentencia bajo la Regla 49.2 inciso (4) de Procedimiento Civil, 32 L.P.R.A. Ap. III, ya que esa solicitud se presentó de manera muy confusa e incorrecta ante el Tribunal de

de relevo de sentencia bajo la Regla 49.2 inciso (4) de Procedimiento Civil, 32 L.P.R.A. Ap. III, ya que esa solicitud se presentó de manera muy confusa e incorrecta ante el Tribunal de Primera Instancia, y evidentemente no tenía, ni aún cuenta, con mérito alguno. El relevo o no de la sentencia descansa en la sana discreción judicial, desde luego, considerando siempre el deber de los tribunales de impartir justicia. *Martínez v. Tribunal Superior,* 83 D.P.R. 358, 369 (1961); *Sucn. Rosario v. Sucn. Cortijo,* 83 D.P.R. 678, 683 (1961) y *Ortalaza v. F.S.E.,* 116 D.P.R. 700 (1961).

Aunque la Regla 49.2 debe interpretarse de forma liberal aun así, la falta de méritos unida a las otras consideraciones mencionadas en el presente caso, hacen innecesario pasar juicio sobre la misma. *Olmeda Nazario v. Sueiro Jiménez,* 123 D.P.R. 294, 299 (1989).

La falta de jurisdicción no puede ser subsanada ni el tribunal puede abrogársela, teniendo los tribunales el ineludible deber de examinar su propia jurisdicción, así como aquella del foro donde procede el recurso. *Vázquez v. A.R.P.E.,* ___ D.P.R. ___ (1991), **91 J.T.S. 53,** pág. 8661.

### III

Se deniega el recurso instado por entender que la actuación del tribunal de instancia fue correcta al sostener la sentencia emitida el 3 de marzo de 1994 y archivada el 4 de abril de 1994, como una final y firme.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General