DOLORES VÁZQUEZ, representada por su padre con patria potestad, JUAN VÁZQUEZ, demandante y apelada, *v.* DR. J. R. LAUGIER, demandado y apelante.

Núm. 8461.—*Sometido:* Diciembre 8, 1941. *Resuelto:* Diciembre 10, 1941.

*C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelante; *V. Brunet,* abogado de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La resolución de la moción de desestimación presentada en este caso, envuelve la debida interpretación de la regla 59 del Reglamento de este tribunal que, copiada a la letra, dice así:

"Expirado el término de noventa días desde la fecha en que se presentare el escrito de apelación, y no obstante las prórrogas concedidas por la corte inferior, el tribunal a discreción podrá desestimar una apelación que no haya sido anteriormente registrada en este tribunal, mediante moción presentada al efecto, si se probare satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe, o que tal apelación es frívola."

No hay duda, pues, que dicha regla otorga a la corte el poder discrecional de desestimar el recurso, mediante moción presentada al efecto, una vez que transcurran noventa días contados a partir de aquel en que se hubiere archivado el escrito de apelación, aunque se hallen vigentes prórrogas concedidas para perfeccionarlo por la corte sentenciadora, pero ese poder sólo cabe ejercerlo de acuerdo con la misma en tres ocasiones, a saber: primera, cuando se probare satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida; segunda, o de buena fe, y tercera, cuando la apelación sea frívola.

■ Aquí no se ha dicho siquiera que la apelación sea frívola, ni que el apelante haya actuado de mala fe, limitándose la parte apelada en su moción a alegar "que el demandado no ha proseguido su apelación con la debida diligencia", después de haber expresado que el recurso se había interpuesto en mayo 28, 1941, esto es, alrededor de ciento setenta días a la fecha de la moción—noviembre 17, último.

Mostró con ello sin duda el apelado un caso prima facie a su favor, ya que la regla parte de la base de que noventa días son suficientes para perfeccionar en casos corrientes la tramitación de una apelación en la corte inferior y elevar los autos a esta Corte Suprema.

Con ello obligó al apelante a explicar su conducta, lo que hizo, a nuestro juicio, de modo satisfactorio, quedando en su consecuencia destruído el caso prima facie del apelado. Dos certificaciones presentó. Una del secretario de la corte sentenciadora referente a la interposición del recurso y a las prórrogas concedidas para la radicación de la transcripción de evidencia, y otra extensa y detallada del taquígrafo demostrativa de que desde mayo 21 del 1941 se calcularon sus honorarios y le fueron satisfechos por el apelante y de que si no ha ultimado la transcripción se debe a una serie de circunstancias que expone, entre ellas la de trabajo oficial preferente, habiendo solicitado el 24 de noviembre, 1941, una última prórroga para radicar la transcripción.

Siendo ello así, no habiéndose alegado ni probado que la apelación sea frívola, ni que el apelante haya actuado de mala fe, y habiendo demostrado dicho apelante que viene tramitando el recurso diligentemente, *no procede la desestimación solicitada sin perjuicio de que la apelada reproduzca su moción si el apelante no sigue actuando con la debida diligencia.*