MANUEL TORRES OZORES, demandante y apelante, *v.* JOSÉ
LUIÑA ALVAREZ, demandado y apelado.

Núm. 8708.—*Sometido:* Abril 5, 1943. *Resuelto:* Abril 27, 1943.

*Alvarez Linares & Marrero Ledesma,* abogados del apelante; *Damián Monserrat, Jr., Gabriel de la Haba* y *R. Baragaño, Jr.,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El demandado apelado radicó en marzo 11 de 1943 una moción interesando la desestimación del recurso por el fundamento de que a pesar de haber transcurrido cerca de seis meses desde la fecha de la radicación del escrito de apelación por el demandante aún el taquígrafo no ha radicado la transcripción de evidencia en el caso, no obstante la corte inferior haberle concedido varias prórrogas para tál fin, estando la última todavía vigente, y no haber tampoco radicado el apelante la transcripción de autos del caso. Alega el apelado que el apelante no ha procedido con la debida diligencia y buena fe y que de acuerdo con lo dispuesto por la Ley núm. 111 de 1939 (pág. 575), la Regla 59 de este tribunal y lo resuelto en los casos de *Vázquez* v. *Laugier,* 59 D.P.R. 581; *Vázquez* v. *González,* 60 D.P.R. 718, y *Vega* v. *García,* 60 D.P.R. 721, procede la desestimación del recurso. Es cierto que han transcurrido cerca de seis meses desde la fecha de radicación del escrito de apelación en la corte inferior, 22 de septiembre de 1942, hasta la fecha en que se ha radicado por el apelado la moción de desestimación del recurso sin que se haya radicado la transcripción de evidencia en el caso, ante este Tribunal.

Sin embargo, el apelante ha acompañado su moción oponiéndose a la desestimación solicitada, de una declaración jurada del taquígrafo de la corte inferior, en la cual hace constar que no le ha sido posible terminar la transcripción de la evidencia en este caso a pesar de las gestiones hechas por el propio apelante y por sus abogados por haber tenido

que atender a la transcripción de evidencia de otros casos que tenían preferencia en tiempo y turno, y que se ha comprometido personalmente con el demandante y sus abogados a terminar dicha transcripción dentro del término de la prórroga que está aún vigente y que vence el día 23 de abril de 1943.

El apelante ha alegado no haber procedido por los medios coercitivos que la Ley núm. 111 de 1939 confiere a la corte inferior para obligar al taquígrafo a transcribir la evidencia dentro del término de sesenta días después de la orden original para proceder a dicha transcripción, por haberse convencido de serle materialmente imposible al taquígrafo atender a las distintas órdenes sobre transcripción de evidencia que tenía pendientes y que tenían prelación a la del demandante apelante.

Esta Corte tiene discreción, de acuerdo con la Regla 59, para desestimar una apelación mediante moción presentada al efecto una vez transcurran 90 días contados a partir de aquel en que se hubiera archivado el escrito de apelación aunque se hallen vigentes prórrogas concedidas para perfeccionarla por la corte sentenciadora. Sin embargo, de acuerdo con lo resuelto en el caso de *Vázquez* v. *Laugier,* supra, ese poder sólo cabe ejercerlo de acuerdo con dicha regla en las tres ocasiones que ésta prescribe, a saber: (1) cuando se probare satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida; (2) o de buena fe, y (3) cuando la apelación sea frívola. De acuerdo con lo resuelto en el citado caso, opinamos que no habiéndose imputado mala fe al apelante ni alegado la frivolidad del recurso, no procede la desestimación por falta de diligencia toda vez que el apelante ha demostrado satisfactoriamente, con la certificación presentada, que ha sido diligente en cuanto a solicitar la transcripción de la evidencia, y que si la misma no se ha radicado ha sido por causas ajenas a dicho apelante.

En cuanto al alegado motivo de no haberse radicado a tiempo la transcripción de autos, el tribunal, tomando en consideración que dicha transcripción fué archivada en la Secretaría de esta Corte cuatro días antes de la fecha señalada para la vista de la moción de desestimación y que el apelante ha explicado a satisfacción de la corte su tardanza en radicarla, en uso de su discreción declara no haber lugar a la desestimación por el indicado motivo. *Beiró* v. *Vázquez,* 50 D.P.R. 979; *Muñiz* v. *Viuda de Suárez,* 50 D.P.R. 979 y *Vázquez* v. *González,* 60 D.P.R. 718.

*No ha lugar por ahora a la desestimación.*