A. Méndez & Hno., peticionarios y apelantes, *v.* Corte Municipal del Distrito Municipal de San Juan, Sección Segunda, Hon. Pedro Manzano Aviñó, Juez, demandado, y Roque González y Ca., Sucrs., interventores y apelados.

No. 3797.—*Visto:* Febrero 5, 1926. *Resuelto:* Marzo 18, 1926.

1. Apelación y Error—Requisitos y Procedimientos para Elevar la Causa— Término para Establecer los Procedimientos—Comienzo del Término— Existiendo Orden Especial Modificando la Sentencia. — Dictada orden especial después de sentencia, modificando en términos directos la sentencia previamente dictada, la fecha de la enmienda es la verdadera fecha de la sentencia, desde la cual empieza a correr el término para apelar.

2. Apelación y Error—Revisión—Discreción del Tribunal Inferior—Ordenes en, y Actuaciones Habidas Después de Sentencia—Modificación o Enmienda de los Términos de la Sentencia—Orden Librando una Parte del Pago de Costas.—Tienen que ser muy poderosas las razones aducidas para que el Supremo revoque una decisión de un tribunal inferior modificando una sentencia en el sentido de librar a una parte del pago de costas.

Resolución de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), reconsiderando resolución anterior, excluyendo de la misma la condena de costas a la parte interventora. *Confirmada.*

Moción sobre desestimación de apelación presentada por los apelados. *Sin lugar.*

A. *Marín Marién,* abogado de los apelantes; *J. Valldejuli,* abogado de los apelados.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Roque González y Cía., Sucesores, demandaron a A. Méndez y Hno. ante la Corte Municipal de San Juan. Obtuvieron sentencia a su favor. Solicitaron ejecución de la misma. Se accedió librándose la correspondiente orden al márshal, procediéndose por éste a anunciar la subasta de los bienes embargados. En tal estado el procedimiento, pidieron los demandados a la corte municipal que anulara la orden de ejecución porque la sentencia no les había sido notificada debidamente. La corte se negó a ello. Los demandados entonces solicitaron de la corte de distrito un auto de *certiorari* que fué expedido. Roque González & Cía. pidieron

intervenir en el *certiorari* y se les permitió. Archivaron una contestación adicional y oídas todas las partes interesadas la corte de distrito resolvió el caso finalmente anulando la orden de ejecución por entender que la sentencia no había sido notificada en debida forma e imponiendo las costas a los interventores. La sentencia en el *certiorari* se dictó y registró el 6 de agosto de 1925. El 13 de agosto los interventores pidieron que la sentencia se reconsiderara en el sentido de exonerarlos del pago de las costas alegando entre otras razones la de haber obedecido la regla de la corte. A. Méndez & Hno. se opusieron a la reconsideración. El 2 de septiembre de 1925 dictó la corte una orden que dice:

"Vista la moción de reconsideración en este caso, atendidas las especiales circunstancias del mismo y la pequeña cuantía envuelta, la corte reconsidera su anterior resolución dictada el día 6 de agosto excluyendo de la misma la imposición o condena de costas a la parte interventora."

La orden se notificó a A. Méndez y Hno. el 5 de septiembre y no conformes con ella apelaron el 5 de octubre para ante este tribunal.

Señalada la vista del recurso para el 5 de febrero último, el 2 de dicho mes los interventores solicitaron que la apelación fuera desestimada porque tratándose de una orden especial después de sentencia había sido interpuesta vencido el término legal. Se opusieron los apelantes y en el día de la vista ambas partes fueron oídas sobre la moción y sobre el fondo del asunto.

[1] La cuestión suscitada en la moción ha sido resuelta por la jurisprudencia de California. Véase 2 Cal. Jur. 161 a 163, donde consta un resumen de las muchas decisiones de la Corte Suprema del Estado sobre la materia algunas de ellas en conflicto entre sí. Hay una enteramente aplicable, la de *Elledge* v. *Superior Court*, 131 Cal. 279. Fué emitida por *la corte* y en lo pertinente, dice:

"La orden que se trata de anular fué una orden especial dictada después de sentencia final, modificando en términos directos la sentencia previamente dictada, y por disposición expresa del estatuto es apelable. (Código de Enjuiciamiento Civil, art. 939.) Aunque se hace referencia al memorándum de costas como base para la actuación de la corte, su orden afecta a la sentencia y no al memorándum de costas. La orden podía ser revisada bien mediante apelación directa contra ella, independientemente de una apelación contra la sentencia, o su corrección podría determinarse en una apelación contra la sentencia tal como había quedado modificada de acuerdo con los términos de la orden."

Y como la fecha de la enmienda es la que debe tomarse como la verdadera fecha de la sentencia en tal caso, (*Hayes v. Silver Creek, etc., Co.,* 136 Cal. 238), es necesario concluir que habiéndose interpuesto la apelación un mes después de la enmienda, lo fué dentro del término de ley.

[2] La apelación no va a los verdaderos méritos del caso. La propia parte apelante aceptó finalmente que no habiéndose hecho la notificación de la sentencia de acuerdo con el artículo 320 del Código de Enjuiciamiento Civil, siguiendo lo resuelto por esta corte en el caso de *Rodríguez v. Corte de Distrito de Mayagüez,* 31 D.P.R. 300, dicha notificación era nula y por tanto caía por su base la orden de ejecución dictada a su instancia. Lo único que está envuelto es si la corte de distrito abusó o nó de su discreción al modificar la sentencia en el sentido de librar a los interventores del pago de las costas.

Tendrían que ser muy poderosas las razones aducidas para que esta corte revocara una decisión de la corte de distrito en tal sentido. Y tales razones no se han aducido aquí. Al contrario, nos parece lógico el criterio último del tribunal sentenciador. Se trataba de un *certiorari* dirigido contra el juez. Los interventores habían obtenido una resolución favorable. Trataron de sostenerla. Es cierto que la cuestión a decidir había sido ya resuelta en contra por esta corte, pero es cierto también que no está desprovista de razón la teoría de que en ausencia de una disposición

expresa de la ley rija para las notificaciones de sentencias en las cortes municipales la misma regla que se aplica en las cortes de distrito, que era la teoría que al parecer sostuvo la corte municipal.

Por virtud de todo lo expuesto *debe declararse no haber lugar a desestimar el recurso ni a revocar* la sentencia apelada en la parte en que lo fué.