ANTONIO MÁRQUEZ ARBONA, ETC., ET AL., demandantes y apelantes, *v.* SECRETARIO DE HACIENDA, demandado y apelado.

*Número:* O-69-152      *Resuelto:* 12 de noviembre de 1969

56

*J. F. Rodríguez Rivera, Procurador General Interino, y Peter Ortiz, Procurador General Auxiliar,* abogados ·del apelado; *Francisco M. Susoni,* abogado de los apelantes.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

(En Moción de Desestimación)

El Secretario de Hacienda ha solicitado la desestimación del presente recurso de apelación basándose en lo dispuesto en la Sec. 272(a)(9) de la Ley de Contribuciones sobre Ingresos de 1954—Ley Núm. 91 de 29 de junio de 1954—13 L.P.R.A. sec. 3272(a)(9).

El expediente de este caso demuestra que ocurrieron los siguientes hechos ante el tribunal de instancia:

(1) El 17 de febrero de 1969 la Sala sentenciadora dictó sentencia sosteniendo deficiencias determinadas por el Secretario de Hacienda al contribuyente Antonio Márquez Arbona y otros. Esta sentencia fue notificada y archivada en autos la copia de la notificación el 18 de febrero de 1969.

(2) En Marzo 4 de 1969 el contribuyente solicitó la reconsideración del fallo, reconsideración que fue declarada sin lugar en Marzo 7.

(3) En Marzo 5 el Secretario de Hacienda radicó los cómputos de la contribución a ser pagada según la sentencia del tribunal.

(4) En Marzo 12 el contribuyente radicó un *escrito de apelación*, haciendo constar únicamente que no estando conforme con la sentencia dictada, apelaba de la misma para ante la Corte Suprema de Puerto Rico a tenor de la "Sección 272 (b) (2), (3) y (4)."

(5) En igual fecha, el contribuyente radicó una oposición a los cómputos sometidos, y también solicitó que se le permitiera tramitar su apelación bajo la fianza ya prestada para acudir originalmente al tribunal.

(6) Aparece de los autos originales la transcripción de la Minuta de los procedimientos habidos el 10 de abril de 1969. Dicha transcripción de Minuta, en lo aquí pertinente dice:

"No habiéndose radicado objeción sobre los cómputos matemáticos de la deficiencia, el Tribunal aprueba los mismos en corte abierta. El Lic. Ríos Martínez queda notificado de este hecho; no obstante se dispone que se le envíe copia de la minuta en este sentido."

Aparece más adelante la siguiente nota: "Notificados: Lic. F. M. Susoni, Apartado 375, Arecibo, Puerto Rico 00612— Lic. Juan José Ríos Martínez, Departamento de Justicia, San Juan, Puerto Rico."

(7) En adición a la anterior hoja contentiva de la Minuta, no hay en los autos dictamen o documento alguno suscrito por el juez aprobando los cómputos.

█ Es incuestionable que el escrito de apelación radicado por el contribuyente en 12 de marzo de 1969 fue prematuro por cuanto en ese momento no existía sentencia final dictada por la Sala sentenciadora de la cual se pudiera apelar o recurrir.(¹) Aparte de que era prematuro ese escrito de apelación, tampoco concedía jurisdicción al tribunal a tenor de las disposiciones de la Ley Núm. 115 de 1958 y de la Regla 53.2 de Procedimiento Civil. Tampoco podría considerarse dicho escrito de apelación como uno de revisión bajo la Sec. 14(f) de la Ley de la Judicatura por carecer de fundamentos dicho escrito. Aun si se considerara como una solicitud de revisión, tal solicitud hubiese sido igualmente prematura por los mismos fundamentos de que no existía una sentencia final.

Dispone la Sec. 272(a)(9) de la Ley de Contribuciones sobre Ingresos de 1954 el siguiente procedimiento cuando el tribunal de instancia ha sostenido deficiencias contra el contribuyente:

"Las sentencias finales del Tribunal Superior dictadas en los méritos de la deficiencia podrán ser apeladas en la forma y dentro del término provistos por ley para apelar al Tribunal Supremo las sentencias finales del Tribunal Superior, con sujeción, además, a los requisitos adicionales impuestos por el apartado(b) de esta sección; Disponiéndose, sin embargo, que en los casos en que la sentencia del Tribunal Superior determine que existe una deficiencia, se ordenará la radicación de un cómputo de la contribución y dicha sentencia *no se considerará final, y el término apelativo no comenzará a contar para las partes sino a partir de la fecha del archivo en autos de la notificación al contribuyente y al Secretario de la resolución del Tribunal Superior aprobando el cómputo de la contribución determinada por dicha Tribunal.*" (Énfasis nuestro.)

█ Como podrá observarse, a los fines del punto de partida para comenzar a contar el término jurisdiccional dentro

---

(¹) Véase: la Ley Núm. 115 de 26 de junio de 1958 enmendatoria de Sec. 14 de la Ley de la Judicatura de 1952.

del cual debe recurrirse en casos de esta índole a este Tribunal Supremo, ya fuere por apelación o por revisión, el legislador concedió a la *resolución* del tribunal de instancia aprobando el cómputo de la contribución determinada por él, idéntico trato que el que concedió por la Regla 53.1 (b) y en la legislación anterior, a una sentencia final en los demás litigios.

■ El recurso de apelación o de revisión en este tipo de controversia impone al apelante o recurrente el cumplimiento de condiciones especiales, según se estatuye en la Sec. 272 (b) (2), (3) y (4), entre ellas, el pago de la deficiencia determinada, o su afianzamiento. De ahí la importancia y la necesidad del cómputo, porque el pago o afianzamiento de la deficiencia determinada por la sentencia del tribunal en cantidad menor, produciría la desestimación del recurso en segunda instancia por falta de jurisdicción. De ahí, que el legislador no dio finalidad a la sentencia hasta tanto se dictaminara por el tribunal sobre la deficiencia exacta a pagarse mediante la aprobación del cómputo que ordena someter, y revistiera, en protección del contribuyente apelante o recurrente, a la *resolución* aprobando el cómputo con la misma jerarquía de una sentencia final en los demás procedimientos, y exigiera que se archive en autos copia de la notificación de dicha *resolución* como el acto de finalidad y punto de partida para comenzar a contar el término apelativo.

■ La mera notificación de la Minuta a las partes de los procedimientos en que en corte abierta el juez aprobó el cómputo incumple el anterior precepto de ley de la Sec. 272 (a) (9) sobre el comienzo del término para apelar.

*Por los fundamentos expuestos es obvio que este recurso debe desestimarse por falta de jurisdicción. Apareciendo de los autos que aún en este momento no hay finalidad de la sentencia dictada, se devuelven al tribunal de instancia para que la Sala sentenciadora proceda a darle finalidad conforme*

*al trámite claro que establece la Sec. 272 (a) (9) antes transcrita, y para que cualquier parte afectada pueda ejercer su derecho de ley al revisar dicho fallo en la forma que proceda.*

El Juez Presidente Señor Negrón Fernández no intervino. El Juez Asociado Señor Blanco Lugo concurre en el resultado.