Giménez Muñoz, Juez Ponente
*1084 TEXTO COMPLETO DE LA SENTENCIA
I
La causa de epígrafe tiene su génesis en una notificación del Secretario de Hacienda al apelante de unas deficiencias contributivas para los años 1984 y 1987 de $7,403.57 y $76,671.47, respectivamente. Inconforme, el contribuyente solicitó reconsideración y vista administrativa luego de la cual las deficiencias fueron ratificadas por el Secretario:
Insatisfecho, radicó demanda ante el Tribunal de Primera Instancia, Sala Superior de Arecibo, conforme el procedimiento que establece la Ley de Contribuciones sobre Ingresos de 1954, según enmendada, 13 L.P.R.A. sec. (a). Tras realizarse los trámites de rigor, el Tribunal a quo (Olivette Sagebien, Juez) dictó sentencia el 23 de enero de 1995, notificándose su archivo en autos el 31 de enero de 1995. En dicha sentencia se. determinó que el Sr. Francisco Rufián Sella no tenía responsabilidad contributiva por la deficiencia correspondiente al año 1984, modificó la deficiencia imputada para el año 1987 y ordenó al Secretario de Hacienda a radicar el cómputo de la contribución a pagar por el demandante para el año 1987, conforme la sección 272 de la Ley de Contribuciones, 13 L.P.R.A. sec. 3272(a)(9). Inconforme con la determinación de Instancia en cuanto a la deficiencia encontrada para el año 1987, el demandante instó ante esta Curia la presente apelación el 2 de marzo de 1995. El 4 de mayo de 1995 dictamos una Resolución en la que dispusimos:
"Vista la apelación interpuesta, deberá comparecer el apelado, Secretario de Hacienda, en el término señalado en la Regla 35 de este Tribunal. Se excusa a las partes de someter la exposición narrativa de la prueba por no existir controversia de hechos."
El 18 de julio de 1995 el Secretario, a través del Honorable Procurador General, compareció mediante Moción de Desestimación. Argumentó, en síntesis, que no procede la apelación interpuesta, ya que la sección 272(a)(9), ante, no concede el derecho de apelación sino hasta que el Tribunal dicta una resolución aprobando el cómputo de la contribución determinada siendo en ese momento que la sentencia adviene a ser final, situación que no se ha dado en este caso. Señaló como fundamento adicional que el apelante no pagó la totalidad de la deficiencia detérminada dentro del término para apelar, situación que, conforme la sección 272(b)(2), 13 L.P.R.A. sec. 3272(b)(2), nos priva de jurisdicción. A pesar del tiempo transcurrido, no contamos con la posición del apelante. Estamos en condición de resolver y así lo hacemos.
II
Debemos primero determinar si es el Tribunal Supremo o el Tribunal de Circuito de Apelaciones el competente para revisar en apelación las sentencias finales dictadas por el Tribunal de Primera Instancia en aquellos casos en que se impugnan las deficiencias contributivas determinadas por el Secretario de Hacienda. La aparente controversia surge con la aprobación de la Ley de la Judicatura de 1994 que creó un Tribunal de Circuito de Apelaciones como tribunal intermedio entre los de Primera Instancia y nuestro más Alto Foro.
Las disposiciones que gobiernan las apelaciones de las sentencias finales del Tribunal Superior en la Ley de Contribución sobre Ingresos, disponen que será el Tribunal Supremo el que tendrá competencia. Esto se explica porque, de acuerdo a la manera en que estaba organizada la Rama Judicial ál aprobarse dicha ley, el Tribunal Supremo era el único tribunal superior jerárquicamente hablando.
Con la aprobación de la Ley de la Judicatura de 1994 se implantó una reforma que, entre otras cosas, redistribuyó la competencia de ios tribunales de Puerto Rico. De este modo, y salvo lo dispuesto en el artículo 3.002(b) de la Ley de la Judicatura de 1994, el Tribunal Supremo perdió *1085 competencia apelativa directa para revisar las sentencias o resoluciones del Tribunal de Primera Instancia.
Por ende fácil es colegir y así resolvemos, que la Ley de Contribuciones sobre Ingresos fue enmendada tácitamente con la aprobación de la Ley de la Judicatura de 1994 y que las apelaciones de las sentencias finales en los casos de impugnación de deficiencias contributivas serán revisadas vía apelación por el Tribunal de Circuito de Apelaciones.
ni
La sección 272(a)(9) dispone que:
"Las sentencias finales del Tribunal Superior dictadas en los méritos de la deficiencia podrán ser apeladas en la forma y dentro del término provisto por ley para apelar al Tribunal Supremo las sentencias finales del Tribunal Superior, con sujeción, además, a los requisitos adicionales impuestos por el apartado (b) de esta sección; disponiéndose, sin embargo, que en los casos en que la sentencia del Tribunal Superior determine que existe una deficiencia, se ordenará la radicación de un cómputo de la contribución y dicha sentencia no se considerará final, y el término apelativo no comenzará a contar para las partes sino a partir de la fecha del archivo en autos de la notificación al contribuyente y al Secretario de la resolución del Tribunal Superior aprobando el cómputo de la contribución determinada por dicho Tribunal." (Subrayado nuestro).
En Márquez Arbona v. Srio. de Hacienda, 98 D.P.R. 55 (1969), ocurrió una situación similar a la de autos. Allí el señor Márquez Arbona apeló ante el Tribunal Supremo luego de que el Tribunal dictara sentencia sosteniendo las deficiencias imputadas por el Secretario de Hacienda y de que el Secretario radicara los cómputos correspondientes, pero antes de que Instancia dictara una Resolución aprobando dichos cómputos. El Tribunal tajantemente resolvió que el escrito de apelación radicado por el contribuyente era prematuro por no existir una sentencia final, conforme la sección 272(a)(9), de la cual pudiera apelar. En fin, determinó que carecía de jurisdicción para considerar el recurso.
El procedimiento para perfeccionar la apelación de la sentencia del Tribunal Superior está estatuido en la sección 272(b)(2), la cual dispone que:
"En caso de apelación — Cuando un contribuyente apelare de la sentencia del Tribunal Superior determinando una deficiencia, vendrá obligado a pagar la_ totalidad de la deficiencia así determinada dentro del término para apelar y el incumplimiento de dicho requisito de pago, excepto como se dispone más adelante en los párrafos (3) y (4), privará al Tribunal Supremo de facultad para conocer de la apelación en sus méritos. Si el Tribunal Supremo resolviere que no existe la deficiencia determinada por el Tribunal Superior o parte de la misma, y el contribuyente hubiere pagado total o parcialmente dicha deficiencia al apelar, el Secretario procederá a reintegrarle, con cargo a cualesquiera fondos disponibles en el Tesoro Público, la cantidad que proceda de conformidad con la sentencia del Tribunal Supremo, más intereses al 6 porciento anual sobre el monto a reintegrarse computados desde la fecha del pago. Si el Secretario apelare de la sentencia del Tribunal Superior determinando que no existe deficiencia en todo o en parte, o si habiendo apelado el contribuyente, éste no hubiere pagado la totalidad de la contribución, en cualquiera de dichos casos en que la sentencia del Tribunal Supremo fuere favorable al Secretario, la deficiencia determinada en apelación, o la parte de la misma no pagada, será tasada y deberá pagarse mediante notificación y requerimiento del Secretario." (Subrayado nuestro).
Es obvio que el apelante no podía cumplir con el requisito jurisdiccional de pagar la totalidad de la deficiencia determinada, puesto que el Tribunal apelado no ha tenido oportunidad de considerar el cómputo que debe someter el Secretario de Hacienda, así como tampoco de las posibles objeciones que el aquí apelante pueda levantar. No es sino hasta que el apelante radica su apelación y paga la totalidad de la deficiencia dentro del término para apelar que adquirimos jurisdicción para entender en la controversia. Godreau v. Srio. de Hacienda, 75 D.P.R. 265 (1953); Roig v. Srio. de Hacienda, 92 D.P.R. 308 (1965)
Procede, por los fundamentos expuestos, desestimar el recurso de marras.
*1086 Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 278
1. Por un aparente error tipográfico, la sentencia tiene fecha del 23 de enero de 1994.
2. 13 L.P.R A. secs. 3272(a)(9) y 3272(b)(2).