Negroni Cintrón, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El recurso que consideramos nos fue referido por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante orden del 19 de mayo de 1995 por tratarse de una apelación que, a su vez, le fue presentada con posterioridad a la vigencia de la Ley de la Judicatura de Puerto Rico de 1994 y por estimar que le correspondía al Tribunal de Circuito de Apelaciones entender en la consideración del mismo, en virtud de lo dispuesto en los artículos 4.002 y *1044 9.004 de la Ley de la Judicatura de 1994.
Se trata de un recurso de apelación incoado para revisar la sentencia dictada por el Tribunal de Distrito, hoy Tribunal de Primera Instancia, Sub-sección de Distrito, el 30 de octubre de 1992, copia de cuya notificación fue archivada en autos el 12 de enero de 1993. Esta sentencia fue enmendada posteriormente mediante sentencia dictada el 22 de septiembre de 1993, archivándose en los autos copia de la notificación de esta sentencia el 5 de octubre del mismo año.
Considerado el recurso y examinado el derecho aplicable, procedemos a emitir nuestro dictamen.
Para entender mejor nuestra decisión, resulta necesario exponer el trámite procesal seguido en el pleito ante el Tribunal de Instancia.
I
El Tribunal apelado dictó sentencia en rebeldía el 30 de octubre de 1992 a favor de la parte demandante Pfizer International Bank, en adelante "Pfizer”, condenando a la apelante Ana I. Mayoral a pagarle la suma de $3,500.00, los intereses al 7.5% anual desde el 11 de junio de 1992, las costas del procedimiento y la suma de $250.00 en concepto de honorarios de abogados. La copia de la notificación de esta sentencia fue archivada en autos el 12 de enero de 1993.
Oportunamente y al amparo de la Regla 43.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, Pfizer presentó el 22 de enero de 1993 un escrito titulado Moción Solicitando se Enmiende Sentencia Dictada, alegando, en síntesis, que en la demanda presentada por ellos se reclamó la suma de $3,550.00, no los $3,500 que se indican en la sentencia y la suma de $1,554.270 por honorarios de abogado, no los $250.00 que se concedieron por ese concepto. Sometió, además, un Memorandum de Costas, según dispone la Regla 44.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
El 9 de febrero de 1993, la apelante presentó un escrito que tituló "Moción Solicitando Notificación de Sentencia y Solicitud de Enmienda a Sentencia Distinta a la Solicitada por la Parte Demandante," en la que alegó que no se le había notificado la Sentencia dictada el 30 de octubre de 1992, a pesar de que la dirección de la apelante que surje de la faz de la notificación de la sentencia es correcta.
Solicitó, a su vez, que se enmendara la sentencia, en cuanto a la concesión de honorarios de abogados por entender que tanto la suma de $250.00 que impuso el Tribunal como la suma de $1,554.27 que Pfizer interesaba en su solicitud de enmienda a la sentencia, resultaban ser elevadísimas, a su juicio.
El 14 de julio de 1993, el Tribunal de Instancia despachó con un no ha lugar la solicitud de la apelante por entender que la suma de honorarios concedida no era excesiva.
Estando aún pendiente de resolución ante el Tribunal de Distrito la solicitud de Pfizer para que se enmendara la Sentencia y habiéndose interrumpido el término para apelar la sentencia de conformidad con la Regla 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, el 2 de septiembre de 1993 Mayoral presentó un escrito de apelación en relación con la Sentencia dictada el 30 de octubre de 1992.
El 20 de septiembre de 1993 Pfizer solicitó la desestimación de la apelación alegando que el Tribunal de Instancia carecía de jurisdicción por ser prematura la presentación del recurso.
*1045 En relación con el recurso de Apelación, el 22 de septiembre de 1993, el Tribunal de Distrito emitió la siguiente orden: "Prematura. La sentencia fue dictada el 30 de octubre de 1992, fue notificada a la parte demandada a su dirección de récord y fue devuelta por el correo por "insufficient address". En relación con la moción de desestimación de Pfizer y en la misma fecha el Tribunal apelado sorprendentemente declaró con lugar la moción de desestimación, declaró con lugar el memorandum de costas y dictó Sentencia Enmendada, corrigiendo la suma reclamada por Pfizer aumentándola a $3,550.00 y manteniendo inalterada la suma de $250.00 que había concedido en concepto de honorarios de abogados. Copia de la notificación de esta Resolución fue archivada en autos el 5 de octubre de 1993.
Mayoral no recurrió ante el Tribunal Superior de esta sentencia enmendada dictada el 22 de septiembre de 1993 y tampoco se opuso de forma alguna cuando el 11 de julio de 1994 Pfizer solicitó del Tribunal de Distrito que ordenara la anotación de la Sentencia Enmendada en el Registro de la Propiedad, remedio que fue concedido mediante Orden y Mandamiento del 3 de agosto de 1994.
Así las cosas, el 24 de marzo de 1995 el Tribunal de Primera Instancia, Sub-sección de Distrito, equivocadamente emitió una orden dirigida a Pfizer concediéndole el término de 15 días para que informara si había desistido de su escrito de apelación. El 3 de abril del mismo año Pfizer compareció y le informó al tribunal que el escrito de apelación a que se refería su anterior orden había sido presentado por Mayoral y no por ella. Expuso además, que el 22 de septiembre de 1993 el Tribunal de Distrito había declarado que la apelación era prematura y la había desestimado a petición de Pfizer; que en esa misma fecha el Tribunal de Distrito había dictado una sentencia enmendada, copia de cuya notificación había sido archivada en autos el 5 octubre de 1993; que había transcurrido el término que tenía la parte demandada para apelar la Sentencia Enmendada y que al presente dicha sentencia era final y firme.
En estas circunstancias, el 19 de abril de 1995 el Tribunal apelado emitió la orden que a continuación transcribimos:

"Se le ordena a la Secretaría elevar los autos a la Sala Superior de San Juan para que ésta determine lo que proceda en derecho en lo referente a la apelación.

Debemos señalar que el Tribunal expresó el día 22 de septiembre de 1993 que la apelación era prematura. Entendemos que erramos al hacer la referida expresión. Entendimos que la apelación había sido presentada por la parte demandante, cuanto ésta había sido presentada por la parte demandada. Expresamos que la apelación, la cual creíamos era del demandante era prematura, ya que el Tribunal había dictado a petición del demandante una sentencia enmendada."

Cuando se emitió esta orden, la Ley de la Judicatura de Puerto Rico de 1994 aprobada el 28 de julio de 1994. estaba en vigor.
Referida la apelación a este Foro, el 11 de agosto de 1995 Pfizer presentó ante nos un escrito titulado "Moción Informativa y Solicitud de Remedio", en la que nos indicaba que no existía trámite apelativo en el caso de autos que ameritara el que se refiriera el recurso ante esta curia, a su vez nos solicitó que desestimáramos el trámite apelativo iniciado.
Hasta aquí el trasfondo procesal necesario para la evaluación del recurso.
II
Consideremos ahora los aspectos jurídicos pertinentes.
Toca a los tribunales ser guardianes de su propia jurisdicción. Esta no se presume toda vez *1046 que previa a la consideración de los méritos de un recurso el Tribunal tiene que determinar si tiene facultad para entender en el mismo. Soc. de Gananciales v. A.F.F., 108 D.P.R. 644, 645 (1979).
La ausencia de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogársela. Vázguez v. A.R.P.E., Op. del 13 de junio de 1991, _ D.P.R. _ (1991), 91 J.T.S. 53; Gobernador de P.R. v. Alcalde de Juncos, 121 D.P.R. 522, 530 (1988).
Para formalizar un recurso de apelación y conferirle jurisdicción al Tribunal Apelativo dos son los requisitos esenciales de naturaleza jurisdiccional. Uno es que se formalice el recurso presentando el escrito en la Secretaría del tribunal correspondiente dentro del término de treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia. Él otro es que se notifique a la otra parte el escrito de apelación dentro del término para presentar la Apelación. Insular Feed Corp. v. Díaz, 90 D.P.R. 145, 149 (1978).
Un escrito de apelación que se presente ante el Tribunal Apelativo para que se revise una sentencia que no es final al momento de presentarse el recurso, es un recurso prematuro y no le confiere jurisdicción al Tribunal Apelativo para entender en el recurso, cf. Márquez Arbona v. Secretario de Hacienda, 98 D.P.R. 55 (1969). Por otro lado, es final la sentencia que resuelve el caso en sus méritos y termina el litigio entre las partes, en tal forma que no quede pendiente nada más que la ejecución de la sentencia. Dalmau v. Quiñonez, 78 D.P.R. 551, 556 (1955).
Ahora bien, la finalidad de la sentencia puede ser detenida o interrumpida procesalmente.
Uno de los recursos o trámites procesales para ello es la presentación de una moción amparada en la Regla 43.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, y que le permite a las partes en litigio solicitar determinaciones de hechos, o enmendar las originales incluidas en la sentencia. 
La moción de este tipo interrumpe el término para recurrir de la sentencia, entre otros, lo que priva de finalidad a la sentencia dictada. Regla 43.4 de Procedimiento Civil, 32 L.P.R.A., Ap. III. 
Finalmente, si la sentencia originalmente dictada es modificada, la fecha del archivo en autos de copia de la sentencia enmendada es la verdadera fecha de la sentencia, desde la cual comienza a decursar el término para apelar, cf Méndez & Hnos. v. Corte Municipal, 35 D.P.R. 219 (1926); Regla 43.4 de las de Procedimiento Civil, 32 L.P.R.A., Ap. III.
III
Examinado el recurso de apelación ante nos a la luz del derecho antes expuesto es forzoso concluir que este Tribunal está impedido de entrar a considerar los méritos de la apelación ante nos por carecer de jurisdicción para ello.
El recurso de apelación originalmente instado por Mayoral iba dirigido a que se revisara la sentencia dictada el 30 de octubre de 1992.
El término para apelar de esta sentencia fue interrumpido por Pfizer al presentar su solicitud de enmienda a esa sentencia, al tenor de lo dispuesto en la Regla 43.3 de Procedimiento Civil, supra. Al así actuar, interrumpió el término para que la sentencia alcanzara el status de final. En tales circunstancias, el escrito de apelación presentado por la parte demandada el 2 de septiembre de 1993 se tornó prematuro por cuanto en ese momento no existía sentencia final dictada por la sala sentenciadora de la cual se pudiera apelar o recurrir. La sentencia dictada el 30 de octubre de 1992 no era apelable hasta que el Tribunal *1047 de Distrito decidiera si denegaba la enmienda solicitada o enmendaba la sentencia, como en efecto hizo.
Una vez el Tribunal de Distrito dictó su sentencia enmendada el 22 de septiembre de 1993 y archivó en autos copia de su notificación el 5 de octubre de 1993, el término para apelar comenzó a decursar en cuanto a la sentencia enmendada, la única sentencia final emitida en este pleito.
La sentencia del 30 de octubre de 1992 fue sustituida por la Sentencia Enmendada dictada el 22 de septiembre de 1993. La apelante tenía el término de 30 días a partir del 5 de octubre de 1992 para presentar su recurso de apelación contra la sentencia enmendada. Al no hacerlo esta sentencia advino final y firme por lo cual este Tribunal no tiene discreción para asumir jurisdicción donde no la hay. Martínez v. Junta de Planificación, 109 D.P.R. 839, 842 (1980). Cuando un tribunal de apelaciones no tiene jurisdicción para conocer de un recurso lo único que debe hacer es así declararlo y desestimar la apelación. Dalmau v. Quiñones, 78 D.P.R. 551 (1955).
IV
Por los fundamentos antes expuesto se desestima la apelación en el caso de epígrafe.
Lo acuerda el tribunal y lo certifica la Secretaria General.
María De la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 270
1. El 5 de mayo de 1995 presentó un escrito ante el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, notificándole la inexistencia de recurso apelativo pendiente ante el Tribunal Superior, Sala de San Juan.
2. En lo pertinente ésta dispone que "...a moción de parte...el tribunal podrá...enmendar o hacer determinaciones adicionales, y podrá enmendar la sentencia de conformidad."
3. Esta, por su parte, prescribe que "Radicada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones... quedarán interrumpidos los términos que establecen las Reglas 47, 48 y 53 para todas las partes. Estos términos comenzarán a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas."